# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON
# CASE NO. 5:22-cv-00231-KKC
### *Filed Electronically*

| | |
|---|---|
| **EUGENE BAKER, et al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **BLACKHAWK MINING, LLC, and** | ) |
| **PINE BRANCH MINING, LLC** | ) |
| | ) |
| **Defendants.** | ) |

**\*\*\*\*\*\*\*\*\*\***

## ANSWER ON BEHALF OF BLACKHAWK MINING, LLC
## AND PINE BRANCH MINING, LLC

Defendants, Blackhawk Mining, LLC ("Blackhawk") and Pine Branch Mining, LLC ("Pine Branch") (Blackhawk and Pine Branch are referred to collectively herein as the "Defendants"), through counsel, for their Answer to Plaintiffs' Complaint state as follows:

## NATURE OF THE ACTION

With respect to the allegations set forth in the section of Plaintiffs' Complaint labeled "Nature of the Action," Defendants admit only that the eastern part of Kentucky experienced an unprecedented amount of rainfall near the end of July 2022 and that there has been widespread media coverage of the resulting damage and destruction in the area. However, Defendants deny that they, or either of them, caused, contributed to, or are responsible for, in any way, the damages suffered by Plaintiffs in connection with the unforeseeable and historic rainfall event. Defendants are without sufficient information to admit or deny the remaining allegations in the "Nature of Action" section of the Complaint and, therefore, deny the same.

## PARTIES

1. With respect to the allegations in Paragraph 1 of Plaintiffs' Complaint, Defendants admit only that Blackhawk is a Delaware limited liability company in the coal business in Kentucky and West Virginia and that Pine Branch operates an active mining operation near or around the area of River Caney. All remaining allegations in Paragraph 1 of Plaintiffs' Complaint are denied.

2. With respect to the allegations in Paragraph 2 of Plaintiffs' Complaint, Defendants state that Pine Branch is a Kentucky limited liability company that operates coal mines in Kentucky. All remaining allegations in Paragraph 2 of Plaintiffs' Complaint are denied.

3. Defendants admit, based upon information and belief, only so much of Paragraph 3 of Plaintiffs' Complaint that alleges that Plaintiffs reside in Breathitt County, Kentucky. All remaining allegations in Paragraph 3 of Plaintiffs' Complaint are denied.

## FACTUAL ALLEGATIONS

4. With respect to the allegations in Paragraph 4 of Plaintiffs' Complaint, Defendants admit only that the July 2022 flood event was of an unprecedented magnitude. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 4 of the Complaint and, therefore, deny the same.

5. Defendants deny the allegations in Paragraph 5 of Plaintiffs' Complaint.

6. Paragraph 6 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied. All remaining allegations in Paragraph 6 of Plaintiffs' Complaint are denied.

7. Paragraph 7 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied. All remaining allegations in Paragraph 7 of Plaintiffs' Complaint are denied.

8. Paragraph 8 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied. All remaining allegations in Paragraph 8 of Plaintiffs' Complaint are denied.

9. Paragraph 9 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied. All remaining allegations in Paragraph 9 of Plaintiffs' Complaint are denied.

10. Paragraph 10 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied. All remaining allegations in Paragraph 10 of Plaintiffs' Complaint are denied.

11. Defendants are without sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiffs' Complaint and, therefore, deny the same.

12. Defendants deny the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. Defendants deny the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants deny the allegations in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny that Plaintiffs are entitled to any relief sought in the "WHEREFORE" clause of their Complaint. Defendants deny that they are liable to Plaintiffs for any alleged damages.

16. All allegations in Plaintiffs' Complaint that are not specifically admitted are hereby expressly denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

2. Defendants assert that there has been no violation of any Kentucky penal statute or regulation that establishes a standard of care; Plaintiffs are not in the class of persons sought to be protected by any cited statute or regulation; the alleged injuries suffered by Plaintiffs are not the type of injuries intended to be prevented by any of the cited statutes and regulations; the regulations identified by Plaintiffs are not consistent with their enabling statute; and the cited regulations do not relate to public safety.

3. Defendants state that any actions or omissions by Defendants were not a direct and proximate cause, nor where they a substantial factor, in bringing about the harm alleged.

4. Defendants deny that any actions or omissions by the Defendants exacerbated or worsened any claimed damages suffered by the Plaintiffs.

5. Defendants state that, to the extent Plaintiffs suffered any harm, the harm was caused by an intervening and superseding cause.

6. Defendants state that Plaintiffs' claims may be preempted by statute or regulation.

7. To the extent Plaintiffs reference harm allegedly suffered by individuals not named as Plaintiffs in this action in their Complaint, Defendants state that Plaintiffs lack standing to make any claims or recover any damages on behalf of unnamed parties.

8. Plaintiffs' claims are barred because they failed to mitigate their damages, assumed the risk, and their damages were unforeseeable and/or speculative.

9. Plaintiffs' alleged damages were the result of an act of God.

10. Plaintiffs' alleged damages were the result of actions or omissions of a third party over which Defendants had no control.

11. Plaintiffs have failed to allege facts sufficient and necessary to seek punitive damages.

12. Plaintiffs are not entitled to recover for damages for emotional distress.

13. Any award of punitive damages, as the standard is currently articulated under Kentucky law, would violate the Defendants' due process rights under the 14th Amendment to the United States Constitution and Section 2 of the Kentucky Constitution.

14. Any damages awarded should be apportioned as required by KRS 411.182.

15. Plaintiffs have failed to exhaust administrative remedies.

16. Defendants specifically rely upon and incorporate by reference those affirmative defenses listed in Fed. R. Civ. P. 8 that may be applicable based upon the evidence produced in this matter.  Further, Defendants reserve the right to supplement and/or amend their Answer to assert additional affirmative defenses that become known or ascertained through the course of discovery.

WHEREFORE, having answered and responded to the allegations of the Complaint, Defendants respectfully request that the Court award the following relief to Defendants:

1. Judgment dismissing the Plaintiffs' Complaint, with prejudice;

2. Defendants' costs and expenses incurred in defending this action, including a reasonable attorney fee, as provided under common law and/or applicable statutes; and

3. Any and all other relief to which Defendants are entitled.

Respectfully submitted,

*/s/ Grahmn N. Morgan*
Grahmn N. Morgan
Kristeena L. Johnson
DINSMORE & SHOHL LLP
100 W. Main St., Suite 900
Lexington, KY 40507
T: (859) 425-1000
F: (859) 425-1099
grahmn.morgan@dinsmore.com
kristeena.johnson@dinsmore.com

and

R. Clay Larkin
Dentons Bingham Greenebaum LLP
300 West Vine Street, Ste. 1200
Lexington, KY 40507
T: (859) 288-4615
Clay.larkin@dentons.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and also caused a true and correct copy of the foregoing to be served via U.S. Mail, Postage Pre-Paid, and electronic mail, on this 12th day of September, 2022, upon the following:

Ned Pillersdorf
James R. Tanner Hesterberg
PILLERSDORF LAW OFFICES
124 W. Court St.
Prestonsburg, KY 41653
T: (606) 886-6090
pillersn@gmail.com
*Counsel for Plaintiff*

*/s/ Grahmn N. Morgan*
*Counsel for Defendants*