UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:22-CV-231-DCR
*"Electronically Filed"*

EUGENE BAKER, LESTER BAKER, PATRICIA BAKER, RAYMOND BAKER, RAYMOND G. BAKER, VADA BAKER, ALBERTA BUSH, BRIDGETTE FUGATE, CLAY FUGATE, GREGORY CHASE HAYS, ANITA HENSON, CESAR HENSON, ELLEN HENSON, LISA HOLBROOK, MARTIN MOORE, WHITTNEY MOORE, BILLY JOE MULLINS, GEORGE MULLINS, SHERRY MULLINS, JOHNNY E MULLINS, JOHNNY MULLINS, TERESA MULLINS, CLARISSA MULLINS, BARBARA NEACE, JERVIS NEACE, LURANIE NOBLE, DIANA ORTELA, TABITHA PATRICK, MATILDA RANEY, JOHN ROBERTSON, MELVIN RURPERT, DANA WATTS, DEBBIE WATTS, AARON WHITE, AARON PAUL WHITE, BRITTANY WHITE, BURLEY WHITE, DAVID WAYNE WHITE, DEBORAH WHITE, DELBERT WHITE, HAROLD WHITE, HAROLD RAY WHITE, JASON WHITE, JAY D. WHITE, JERSON WHITE, LISA WHITE, LORETTA WHITE, MATTHEW WHITE, RICHARD WHITE, GRETA WHITE, MEGAN WHITE, MOLLIE WHITE, RACHEL WHITE, ROSE WHITE, SHELVIN WHITE, TAMMY WHITE, VAUGHN WHITE, VICIE WHITE, and WADE WHITE, CARL W. ASHER, FARMER EDWARD BAKER, JENNIFER BAKER, MICHAEL J. BAKER, ALICIA BAKER, BENJAMIN CRAFT, BRUCE L. DRYDEN, AMY DRYDEN, MONICA FUGATE, REBECCA GIBSON, ANGELIA KAY HENSON, JAMES HENSON, MASON HENSON, JR., VICKIE HENSON, MASON LEE HENSON, SHIRLEY HENSON, TIMOTHY DEAN HENSON, ANNISSA HENSON, WILLIE RAY HENSON, BARBARA HENSON, DANNY LEE HURT, ELIZABETH MILLER, LOU MILLER, FREDDIE WAYNE MULLINS, GERALDINE MULLINS, JOSHUA MULLINS, DENISE NEACE, CHARLIE NOBLE, GAIL NOBLE, MADRO NOBLE, CASSANDRA SCOTLAND, BRIAN STRONG, BROWN STRONG, JAMES STRONG, WILLIAM THORPE, DARLENE THORPE, PAUL ANTHONY WATTS, VIRGINIA WATTS, ADAM WHITE, MEGAN WHITE, ASHFORD WHITE, BIRCHEL WHITE, DENITA WHITE, DEWEY (HEIRS) WHITE, ELIJAH WHITE, ETTA WHITE, FAYE WHITE, JEFFERY GRAN WHITE, POLLY WHITE, RONALD DARRIS WHITE AND SHANNON VAUGHN WHITE, AS THE ADMINISTRATOR OF THE LATE AMY LADAWN HENSON, AND SHANNON VAUGHN WHITE AS NEXT FRIEND OF KADEN EMMANUEL WHITE, A JUVENILE, FARMER EDWARD BAKER, as the Administrator of the Estate of Vanessa Baker,

                       PLAINTIFFS

v.

BLACKHAWK MINING, LLC, and
PINE BRANCH MINING, LLC              DEFENDANTS

**SECOND AMENDED COMPLAINT**

Come the Plaintiffs, by counsel, and for their second amended complaint states as follows:

## NATURE OF THE ACTION

This litigation involves a catastrophic flood that occurred near the end of July 2022 in Breathitt County, Kentucky, in which the named Plaintiffs and others lost their homes, personal property, and at least two members of the community lost their lives. The area in question, known as River Caney, is located near Route 15 in the Lost Creek community of Breathitt County. As this lawsuit is being filed, a vast majority of the Plaintiffs and others are currently homeless due to the destruction.

## PARTIES

1.  Defendant, Blackhawk Mining, LLC (hereinafter, "Blackhawk"), is a Kentucky mining company that does business in the Commonwealth of Kentucky and operates in the mountains directly above where the Plaintiffs live. Blackhawk Mining, LLC, has an active strip mining operation and has contracted with Pine Branch Mining, LLC (hereinafter "Pine Branch"), to do blasting both before and after the flood event previously described in this Complaint. (See attached exhibit A). Defendants Blackhawk and Pine Branch have engaged in a joint venture and are jointly responsible for each other's tortious conduct as described elsewhere in this complaint.

2.  Defendant, Pine Branch Mining, LLC, is a mining company that does business in the Commonwealth of Kentucky and operates in close proximity to the Plaintiffs' homes.

3.  All the named Plaintiffs with the exception of Shannon Vaughn White are residents of or owned property in the Lost Creek area of Breathitt County, Kentucky. Shannon Vaughn White was appointed the administrator of the estate of the late Amy LaDawn Henson on August 22, 2022, by the Breathitt County Probate Court in case number 22-P-00147. Shannon Vaughn White also brings this action as next friend for Kaden Emmanuel White, who is a juvenile.

4. On July 28, 2023, Vanessa Baker was swept away due to the allegations described elsewhere in this complaint and had been declared missing for several months.

On January 30, 2023, the Breathitt Probate Court declared Vanessa Baker deceased and appointed Farmer Edward Baker as the Administrator of the Estate, (23-P-00012). Farmer Edward Baker alleges a wrongful death claim against the Defendants as the Administrator of the Estate of Vanessa Baker. Farmer Edward Baker also states a claim for loss of consortium for love, affection, and companionship of his wife.

## FACTUAL ALLEGATIONS

5. The Plaintiffs that are named in the caption state that there have been many past floods in the Breathitt County area, and prior to July 2022 there was never any flooding in River Caney of the magnitude in the instant case.

6. The Plaintiffs state that, based on information they have received, Defendants operated a number of silt ponds which failed due to the fact that they were improperly maintained and improperly constructed. The failure of the silt ponds caused debris and excessive water to flow onto the Plaintiffs' properties and caused damages as described elsewhere in this Complaint.

7. The Plaintiffs state that debris, sediment, and other matter, including fish, escaped from the silt ponds and came onto the property of many of the Plaintiffs. The Plaintiffs allege that Defendants violated Kentucky Administrative Regulation (KAR) 20:060, which prohibits the escaping of materials and other debris, including water, from a permitted area to a non-permitted area (the Plaintiffs' property). The Plaintiffs further allege that the violations of the regulations give them a separate and independent cause of action.

8. Shannon Vaughn White alleges a wrongful death claim against the Defendants as the administrator of the estate of Amy LaDawn Henson. Amy LaDawn Henson was swept away

by the raging flood waters caused by the Defendant as describe elsewhere in this complaint. Prior to her death, Amy LaDawn Henson experienced extreme pain and suffering. Shannon Vaugh White also alleges as next friend of Kaden Emmanuel White a loss of consortium for the untimely death of Kaden Emmanuel's mother, Amy LaDawn Henson. As a result of the Defendants' actions described elsewhere in this Complaint, Kaden Emmanuel White has lost the love and affection of his mother (Amy LaDawn Henson). Shannon Vaughn White also alleges that Kaden Emmanuel White experienced pain and suffering and injuries when he was swept away in the raging flood waters caused by the Defendant, as described elsewhere in this complaint.

9. Farmer Edward Baker alleges a wrongful death claim against the Defendants as the administrator of the estate of Vanessa Baker. On July 28, 2023, Vanessa Baker was swept away due to the allegations described elsewhere in this complaint and had been declared missing for several months. Farmer Edward Baker also states a claim for loss of consortium for love, affection, and companionship of his wife. Vanessa Baker experienced pain and suffering as she was swept away from the raging waters described elsewhere in this complaint.

10. The Plaintiffs state that Defendants are under a continuing obligation to immediately reclaim the strip mining properties above the Plaintiffs' homes and that the Defendants failed to do so. As a result, the mining properties above the Plaintiffs looked like a barren moonscape, which indicates a failure to properly reclaim. The Defendants' breach of their duty to operate in a lawful manner exacerbated the vast damages described elsewhere in this Complaint.

11. Kentucky regulations require reclamation of mining properties, which the Defendants failed to comply with, thus exacerbating the flooding damage as described elsewhere in this Complaint. Kentucky Revised Statute (KRS) 350.100 requires reclamation operations to

proceed as contemporaneously as practicable. The Defendants violated this regulation, thus giving Plaintiffs a separate and independent cause of action under KRS 446.070. The Defendants were also engaging in ultra-hazardous activities which under Kentucky law makes them strictly liable for any damages they caused.

12. The Plaintiffs further allege that many of the Plaintiffs' well water supply was destroyed, interrupted, or polluted and is actionable under KRS 350.421, which allows for compensation for the interruption of the water supply and for attorney fees. This violation also gives the Plaintiffs a separate cause of action.

13. The Plaintiffs allege that the violations of the regulations described elsewhere in this complaint constitute separate and distinct causes of actions under KRS 446.070.

14. All of the Plaintiffs suffered significant property damage, including loss of their residence, having to find other housing, emotional distress, loss of personal property, and loss of vehicles.

15. The Plaintiffs further allege that the Defendants acted in wanton disregard in failing to operate their mining operations safely and they are strictly liable and/or violated the relevant standards of care for the damages the Plaintiffs have incurred.

16. The Plaintiffs further allege that despite the heavy rains that occurred in the end of July, 2022, the Plaintiffs' damages were greatly exacerbated by the mining activities described elsewhere in this Complaint.

17. The Defendants have numerous mining operations in Eastern Kentucky and are well aware of the danger posed by having partially reclaimed or unreclaimed mining operations above populated areas. The Defendants knew that the mining and standard of care violations described elsewhere in this Complaint are ticking time bombs ready to explode with any type of

heavy rainfall. Their knowing and deliberate indifference to the safety and property rights of the Plaintiffs as described elsewhere in this Complaint therefore subject them to punitive damages.

WHEREFORE the Plaintiffs seek relief as follows:

1. Judgment against the Defendants.

2. Compensatory damages for each of the Plaintiffs as the proof is developed.

3. Compensatory damages for any humiliation, pain and suffering each of the Plaintiffs may have received as a result of the actions described in this Complaint.

4. Compensatory damages for the Plaintiffs having to relocate, loss of well water supply, loss of personal property, diminution or destruction of real property as described elsewhere in this complaint, as well as awardable attorney's fees under KRS 350.421.

5. Compensatory damages for the pain and suffering of Amy LaDawn Henson and Kaden Emmanuel White as described in this complaint; and consortium damages on behalf of the juvenile, Kaden Emmanuel White, for the loss of love, affection, and companionship due to the untimely death of his mother caused by the Defendant.

6. Compensatory damages for the pain and suffering of Farmer Edward Baker, as described in this second amended complaint; and loss of consortium on behalf of Farmer Edward Baker, for the loss of love, affection, and companionship due to the untimely death of his wife, Vanessa Baker, caused by the Defendant.

7. Punitive damages against the Defendants for the reckless disregard to the rights of the Plaintiffs.

8. Trial by jury.

9. Any and all other relief deemed appropriate including attorney fees as described elsewhere in this Complaint.

        RESPECTFULLY SUBMITTED,

        S/NED PILLERSDORF
        NED PILLERSDORF
        PILLERSDORF LAW OFFICES
        124 WEST COURT STREET
        PRESTONSBURG, KENTUCKY 41653
        PH: (606) 886-6090
        pillersn@gmail.com