UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:22-cv-231-DCR

| | |
|---|---|
| EUGENE BAKER, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BLACKHAWK MINING, LLC, and | ) |
| PINE BRANCH MINING, LLC | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO DEPOSE
PLAINTIFFS' EXPERT D. SCOTT SIMONTON**
**\*\*\*\*\*\*\*\*\*\***

Defendants Blackhawk Mining, LLC ("Blackhawk") and Pine Branch Mining, LLC ("Pine Branch" and together with Blackhawk, the "Defendants"), by and through counsel, for their Motion for an Extension to Time to Depose Plaintiffs' Expert D. Scott Simonton, state as follows:

Defendants' Motion to Exclude the Opinions of D. Scott Simonton has been fully-briefed and is pending before the Court. (DE 116, 122, 126). Consistent with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, Defendants moved to exclude Simonton's deficient "preliminary" report without first deposing the expert so as to save time and expenses. *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, No. 5:11-374-DCR, 2014 U.S. Dist. LEXIS 57653, at *12-13 (E.D. Ky. Apr. 25, 2014); Notes of Advisory Committee on 1993 Amendments to Fed. R. Civ. P. 26 ("The requirement under subdivision (a)(2)(B) of a complete and detailed report of the expected testimony of certain forensic experts may, moreover, eliminate the need for some such depositions or at least reduce the length of the depositions.").

1

With the close of discovery approaching on February 12, 2024 (DE 69), Defendants respectfully request that they be granted leave to depose Simonton, if necessary, after the Court rules on the motion to exclude on a date after February 12, 2024.

Further, Defendants, out of an abundance of caution, informed Plaintiffs' counsel that they would depose Simonton on February 12, 2024, to the extent this Court does not rule on the present Motion by the close of discovery. Plaintiffs, however, have indicated that Simonton is not available on the 12th for deposition. *But see* (DE 122 at Page ID# 627). Plaintiffs have indicated that they intend to file a Motion for Protective Order in response to Defendants' efforts to depose Simonton on the February 12.

Respectfully submitted,

*/s/ Kristeena L. Johnson*
Grahmn N. Morgan (KBA #89219)
Kristeena L. Johnson (KBA #94994)
James M. McClure (KBA #99580)
DINSMORE & SHOHL LLP
100 W. Main St., Suite 900
Lexington, KY 40507
T: (859) 425-1000
F: (859) 425-1099
grahmn.morgan@dinsmore.com
kristeena.johnson@dinsmore.com
mac.mcclure@dinsmore.com

Ashley L. Pack (KBA #89013)
707 Virginia St. E, Suite 1300
Charleston, WV 25301
T: (304) 357-0900
F: (304) 357-0919
ashley.pack@dinsmore.com

and

R. Clay Larkin

Dentons Bingham Greenebaum LLP<br>
300 West Vine Street, Suite 1200<br>
Lexington, KY 40507<br>
T: (859) 231-8500<br>
clay.larkin@dentons.com<br>
*Counsel for Defendants*

## DECLARATION IN SUPPORT OF MOTION

The Court's June 17, 2023 Scheduling Order provides that all motions related to the extension of deadlines must be accompanied by "an affidavit of counsel outlining sufficient grounds for granting the relief sought." As such, counsel declares as follows:

I, Kristeena L. Johnson, counsel for the Defendants, declare under penalty of perjury that the foregoing is true and correct. Executed on February 6, 2024

*/s/ Kristeena L. Johnson*

## CERTIFICATE OF SERVICE

This is to certify that I electronically served and filed the foregoing with the Clerk of the Court using the CM/ECF system on this 6th day of February, 2024, which will give notice to all parties of record.

*/s/ Kristeena L. Johnson*<br>
*Counsel for Defendants*