UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:22-cv-231-DCR

| | |
|---|---|
| EUGENE BAKER, et al. | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| BLACKHAWK MINING, LLC, and | ) |
| PINE BRANCH MINING, LLC | ) |
| | ) |
| **Defendants.** | ) |

**MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED
AGAINST DEFENDANT BLACKHAWK MINING, LLC**
\*\*\*\*\*\*\*\*\*\*

Defendant Blackhawk Mining, LLC ("Blackhawk"), by counsel, for its Motion for Summary Judgment on All Claims Asserted Against Defendant Blackhawk Mining, LLC states as follows:

This action centers on the Plaintiffs' allegations that activities conducted on two mine permits located in the vicinity of River Caney in Breathitt County, Kentucky caused or contributed to damage sustained by the Plaintiffs during the historic July 2022 rain event that ravaged eastern Kentucky. These permits are both held by Pine Branch alone. Nevertheless, Plaintiffs have joined Blackhawk, an "up-stream" parent company of Pine Branch, to this action as well. Because the record does not substantiate any relationship between Pine Branch and Blackhawk that would allow Blackhawk to be held liable for any action or omission on the part of Pine Branch and because there is no proof of any independent negligence on the part of Blackhawk, Blackhawk is entitled to judgment dismissing all claims against it as a matter of law.

Plaintiffs allege through their Complaint that Blackhawk is "a Kentucky mining company" that "operates in the mountains directly above where the Plaintiffs live" in Breathitt County,

1

Kentucky. (Third Amen. Compl., DE 70, ¶1). Plaintiffs further contend that Blackhawk "contracted with Pine Branch Mining, LLC" to "do blasting before and after the flood event" at issue as part of their "active strip mining operation." (Id.). Plaintiffs assert that "Defendants Blackhawk and Pine Branch have engaged in a joint venture and are jointly responsible for each other's tortious conduct" in operating the mine site that they allege caused or contributed to Plaintiffs' damages. (Id.). None of these allegations, however, are supported by the record.

Pine Branch, rather than Blackhawk, holds the only active surface mining permits (Permit Nos. 897-0568 and 897-0569) in the River Caney Watershed. (Ricci Report, p. 13 and Table 1, DE 126-1); *see also* (D. Gibson[1] Depo., DE 137-1, at PageID# 921:7-922:9) (testifying that "the relationship between Pine Branch and Blackhawk" is that Blackhawk is a parent company and that Pine Branch owns the mining operation near the Plaintiffs' residences). Pine Branch does not contract with any other company, including Blackhawk, to act as an operator for its permits. (*See*, e.g., D. Wilson Depo., DE 136-1, at PageID# 829:14-830:20). Pine Branch acquired the mine site to which these permits relate in 2014 from Pine Branch Coal Sales Inc. (D. Gibson Depo., DE 137-1, at PageID# 921:8-922:9); (M. Ricci Report, at p. 13, DE 126-1). Blackhawk has never held a permit for this mine site and there is no evidence that it ever contracted with Pine Branch to do anything with respect to this mine site. (Id.).

There is also no evidence that the key elements of a joint venture exist in this case. The elements essential to a joint enterprise include: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose among the members; and (4) an equal right to a voice in the

---

[1] While Plaintiffs characterize Mr. Gibson as a "representative" of the Defendants in their recently filed Motion for Summary Judgment, DE 139, Mr. Gibson was clear during his deposition that he is employed by Pine Branch, not Blackhawk. (D. Gibson Depo., DE 137-1, at PageID# 920:14-20). Further, Mr. Gibson's deposition was not noticed as a corporate representative of either entity. (Id. at PageID# 933:24-934:8).

direction of the enterprise, which gives an equal right of control." *Roethke v. Sanger,* 68 S.W.3d 352, 364 (Ky. 2001). Plaintiffs have not established any of these elements.

Instead, the only connection between Pine Branch and Blackhawk is that Blackhawk is an "up-stream" parent company of Pine Branch.[2] Pine Branch is a wholly owned subsidiary of Blackhawk Sub, LLC (a non-party), which is itself a wholly owned subsidiary of Blackhawk DRE, LLC (another non-party). (Notice of Removal and Supporting Declarations, DE 1, ¶12); (D. Gibson Depo., DE 137-1, at PageID# 921:8-922:9). Blackhawk is the sole member of Blackhawk DRE, LLC. (Notice of Removal and Supporting Declarations, DE 1, ¶12). In other words Blackhawk is the member of the sole member (Blackhawk DRE, LLC), of the sole member (Blackhawk Sub, LLC), of the Pine Branch limited liability company.

This relationship is not a basis for imposing the potential liability of Pine Branch onto Blackhawk. "Business constructs like limited liability corporations (LLCs) exist to limit liability—it's in the name, after all—by creating separate legal entities to contain liability within an organization," which is "an important part of commerce in this country." *Cty. of Pikeville v. Cebridge Acquisition, LLC*, NO. 22-64-DLB-CJS, 2023 U.S. Dist. LEXIS 142266, at \*23 (E. D. Ky. Aug. 15, 2023); *see also*, e.g., KRS 275.150 (members of LLCs are generally immune from liability for the torts of the LLC). "[If] the mere existence of a parent company was sufficient to make that parent liable for the torts of the subsidiary, [that] would gut corporate law as we know it and render most corporate structures irrelevant." *Id.* at \*22.

---

[2] The Plaintiffs testified that they are unfamiliar with what the relationship is between Blackhawk and Pine Branch and in most cases had no understanding what was meant by the allegation in their Complaint that a joint venture exists between Blackhawk and Pine Branch. *See, e.g.,* (E. Henson Depo. at 191:5-16, testifying that she is unfamiliar with what was meant by the term "joint venture"; S. White Depo. at p. 153:21-154:2, testifying that he doesn't understand what is meant by the allegation that "Blackhawk and Pine Branch are a joint venture;" A. White Depo. at p. 108:7-9, testifying that he does not know what the difference is between Blackhawk and Pine Branch, Depo. Excerpts at Ex. 1).

"Summary judgment is proper when, construing the evidence in the light most favorable to the nonmovant and drawing all reasonable inferences in the nonmovant's favor, there 'is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Boshaw v. Midland Brewing Co.*, 32 F.4th 598, 602 (6th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). Here, summary judgment is appropriate on all claims against Blackhawk because there is no evidence that it engaged in any conduct that could result in liability to Plaintiffs and the fact that it is an "up-stream" parent company of Pine Branch cannot serve as a basis for the imposition of liability as a matter of law.

WHEREFORE, for any and all of the reasons set forth herein, Blackhawk is entitled to summary judgment as a matter of law.

Respectfully submitted,

*/s/ Grahmn N. Morgan*
Grahmn N. Morgan (KBA #89219)
Kristeena L. Johnson (KBA #94994)
James M. McClure (KBA #99580)
DINSMORE & SHOHL LLP
100 W. Main St., Suite 900
Lexington, KY 40507
T: (859) 425-1000
F: (859) 425-1099
grahmn.morgan@dinsmore.com
kristeena.johnson@dinsmore.com
mac.mcclure@dinsmore.com

Ashley L. Pack (KBA #89013)
707 Virginia St. E, Suite 1300
Charleston, WV 25301
T: (304) 357-0900
F: (304) 357-0919
ashley.pack@dinsmore.com

and

R. Clay Larkin
Dentons Bingham Greenebaum LLP

                                              300 West Vine Street, Suite 1200
                                              Lexington, KY 40507
                                              T: (859) 231-8500
                                              clay.larkin@dentons.com
                                              *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

       This is to certify that I electronically served and filed the foregoing with the Clerk of the Court using the CM/ECF system on this 12th day of March, 2024, which will give notice to all parties of record.

                                              */s/ Grahmn N. Morgan*
                                              *Counsel for Defendants*