UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:22-cv-231-DCR

| | |
|---|---|
| EUGENE BAKER, et al. | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| BLACKHAWK MINING, LLC, and | ) |
| PINE BRANCH MINING, LLC | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO PARTICIPATE IN DISCOVERY**
\*\*\*\*\*\*\*\*\*\*

Defendants Blackhawk Mining, LLC ("Blackhawk") and Pine Branch Mining, LLC ("Pine Branch" and together with Blackhawk the "Defendants"), by and through counsel, and pursuant to Federal Rules of Civil Procedure 37, 41, 25, and 17 respectfully request that this Court dismiss, with prejudice, the twenty-three Plaintiffs identified herein who have failed to participate in discovery as required by the Civil Rules and the Orders of this Court. In support of this Motion, Defendants state as follows:

## INTRODUCTION

This Court has granted Plaintiffs multiple extensions of time to respond to the Defendants' Discovery Requests, entered an Order compelling Plaintiffs to provide full discovery responses, and even warned of dismissal if Plaintiffs did not provide those responses. Nevertheless, certain Plaintiffs are still in default of their written discovery obligations. Others have failed multiple times to appear for their duly noticed depositions and/or refused to permit inspection of the property that they claim has been damaged.

As set forth herein, Defendants request that judgment be entered against the following Plaintiffs with prejudice as a result of their failure to provide discovery, comply with this Court's Orders, and to appear for depositions:

1. Cesar Henson
2. Martin Moore
3. Whittney Moore
4. Johnny Mullins
5. Teresa Mullins
6. Tabitha Patrick
7. Dana Watts
8. Tammy White
9. James Henson
10. Clarissa Mullins
11. Megan White[1]
12. Bridgette Fugate
13. Diana Ortela
14. Burley White
15. Denita White
16. Debbie Watts
17. Adam White
18. Megan White
19. Amy Dryden
20. Bruce Dryden
21. Harold Ray White
22. Matthew White
23. Rose White

## **DISCOVERY VIOLATIONS**

Defendants served their First Set of Discovery Requests on December 22, 2022. *See* (Status Report, DE 36); (Blackhawk and Pine Branch's Discovery Requests, Ex. 1).[2] Under the Federal Rules, the Plaintiffs had 30 days in which to respond to these requests and the Court set an outside deadline of February 3, 2023 to respond to all written discovery and a final deadline of March 6, 2023 for the completion of written discovery. (Prelim. Sched. Order, DE 15).

---

[1] As noted, herein, there are two Megan Whites named as Plaintiffs.
[2] As additional Plaintiffs were added to this action, these requests were served on the new Plaintiffs as well.

Because Plaintiffs had not all responded to written discovery by March 6th, the Defendants agreed to jointly request that the Court extend the deadline for the Plaintiffs' responses to written discovery until May 4, 2023, which the Court granted. (Status Report and Order, DE 36 and 37). The May 4th deadline passed and a number of Plaintiffs had provided woefully deficient responses and still others had failed to even respond at all. The Defendants wrote 73 deficiency letters to try to address deficient discovery responses from Plaintiffs.

Certain Plaintiffs thereafter moved the Court for another extension of time, which the Defendants did not object to given the need for the information. (Mtn. for Ext. and Resp., DE 46 and 48). The Plaintiffs' request for an extension was granted and the Court gave Plaintiffs until June 20, 2023 to provide responses to the written discovery requests. (Order on Mtn. for Ext., DE 49).

### A. Plaintiffs That Have Failed to Provide Any Written Discovery Responses.

On June 8, 2023, Plaintiffs' counsel requested to withdraw as counsel for nineteen Plaintiffs, asserting that counsel had not been able to reach those Plaintiffs for a number of months and/or they had failed to answer discovery. (Mtn. to Withdraw and Am. Mtn. to Withdraw, DE 52 and 55). On June 9, 2023, the Court granted counsel's Motion and directed that each of the identified Plaintiffs (Cesar Henson, Danny Lee Hurt, Martin Moore, Whittney Moore, Johnny Mullins, Teresa Mullins, Denise Neace, Jervis Neace, Charlie Noble, Gail Noble, Tabitha Patrick, Dana Watts, Paul Anthony Watts, Virginia Watts, David Wayne White, Polly White, and Tammy White)[3] respond to all outstanding discovery by no later than July 7, 2023 and notify the Court of whether they elect to proceed pro se, or have retained new counsel by that date as well. (Order on Mtn. to Withdraw and Am. Mtn. to Withdraw, DE 54 and DE 56). Nearly every Plaintiff subject

---

[3] Two additional Plaintiffs that were named in Plaintiffs' counsel's motion had never actually been named as Plaintiffs in the first place: Cheryl Henson and Jeffery Thomas Howard.

to the Court's Order failed to respond as required and, in recognition of as much, this Court *sua sponte* dismissed a number of those Plaintiffs. (Order of Dismissal, DE 100) (dismissing Charlie Noble, Danny Lee Hurt, Denise Neace, Gail Noble, Paul Anthony Watts, Polly White, and Virginia Watts). Eight more Plaintiffs subject to the Order remain parties to this action but have never provided any written discovery responses: Cesar Henson, Martin Moore, Whittney Moore, Johnny Mullins (who is not the same as Johnny E. Mullins), Teresa Mullins, Tabitha Patrick, Dana Watts, and Tammy White.

With respect to the Plaintiffs not subject to the June 9th withdrawal Order, after the new discovery deadline of June 20, 2023 passed, the Defendants requested a conference with the Magistrate Judge to address the remaining substantial discovery deficiencies that remained. (June 21, 2023 Ltr., Ex. 2). In response to Defendants' meet and confer letter, the Plaintiffs represented that they intended to produce all outstanding information during the week of June 25, 2023, and the discovery conference with the Magistrate Judge was cancelled. (6/26/23 Email Chain, Ex. 3).

However, a number of Plaintiffs still did not comply, failing to turn over any written responses to discovery at all, including James Henson,[4] Clarissa Mullins, and Megan White.[5] Thus, in all, there are eleven Plaintiffs who remain parties to this litigation, but have failed to provide any written responses to discovery:

1. Cesar Henson
2. Martin Moore
3. Whittney Moore
4. Johnny Mullins
5. Teresa Mullins

---

[4] James Henson has produced a social security card, a driver's license, and several photographs but has not produced any other documents requested by Defendants nor provided sworn, individualized responses to Defendants' interrogatories.

[5] Two Megan Whites are named as Plaintiffs in the operative Third Amended Complaint. (Third Am. Compl., DE 70). One Megan White, discussed separately below for different reasons, is a bellwether Group I Plaintiff who provided limited discovery. To the extent, however, there is a second Megan White who asserts claims in this case (which is unclear since she has not produced discovery), Defendants request that she be dismissed.

      6. Tabitha Patrick
      7. Dana Watts
      8. Tammy White
      9. James Henson
      10. Clarissa Mullins
      11. Megan White

Unless noted otherwise above, each of these individuals has also failed to produce any documents in response to Defendants' document requests.

### B. Seven Plaintiffs Have Failed to Turn Over Relevant Documents In Accordance With Judge Stinnett's Order.

In addition to the eleven Plaintiffs noted above that have failed to provide written discovery responses, seven additional Plaintiffs have also failed to produce documents responsive to the Defendants' requests despite a Court Order directing them to do so. Nearly every Plaintiff that Defendants have deposed identified relevant documents or communications responsive to the Defendants' requests within their possession and control that had not been produced. (Nov. 27, 2023 Ltr. to Pillersdorf, Ex. 4). Defendants asked Plaintiffs' counsel to produce these documents during depositions and in later communications. (Nov. 27, 2023 Email String, Ex. 5); (Nov. 27, 2023 Ltr. to Pillersdorf, Ex. 4). When the documents were not produced, Defendants requested a conference with the Magistrate Judge. Judge Stinnett observed in his Order following the conference that the Plaintiffs had acknowledged their deficiencies, did not dispute the relevance of the documents at issue, and required that "all outstanding responses to written discovery" be provided by the Plaintiffs by no later than 5:00 pm on December 19, 2023. (Minute Order, DE 104).

While certain Plaintiffs complied with the Order, making supplemental productions, others did not. *See, e.g.,* (Dec. 15, 2023, "Compliance List," Ex. 6). The following individuals failed to provide responsive documents following entry of the Magistrate Judge's Order:

5

1. Bridgette Fugate
2. Diana Ortela
3. Burley White
4. Denita White
5. Debbie Watts
6. Adam White
7. Megan White

The categories of items they failed to produce include proof that they own items they claim damages for, documents and other sources of information on which they testified they relied in coming up with their damage calculations, pre- and post-flood photographs and videos of their properties that they claim has been damaged, communications related to the flood event, and receipts related to repairs and replacement following the flood.[6] (Nov. 27, 2023 Ltr. to Pillersdorf, Ex. 4).

### C. *Plaintiffs That Failed to Appear for Their Deposition or Permit Inspection of Their Property.*

In addition to the Plaintiffs identified above that have failed to properly participate in the written discovery process, others have failed to appear for their depositions on numerous occasions and have refused to permit inspection of their property in this case which centers, primarily, on property damage.

The depositions of Matthew White, Rose White, Harold Ray White, and Amy Dryden were originally noticed on September 18, 2023. (Notice of Deposition, DE 80). Matthew and Rose White's depositions were noticed for October 24, 2023, Harold Ray White's deposition was noticed for October 25, 2023, and Amy Dryden's deposition was noticed for October 31, 2023. (Id.). All depositions were noticed for Plaintiffs' counsel's office in Jackson, Kentucky. (Id.).

---

[6] Although Plaintiffs' counsel has at times tried to argue that a number of the items requested were destroyed during the July 2022 flood, the items identified here are items that these Plaintiffs testified they believed they have access to – i.e. they were not destroyed during the flood event.

On September 29, 2023, Plaintiffs' counsel served Defendants with a statement noting the death of Plaintiff Matthew White and contending that Plaintiff Rose White is incompetent and therefore could not sit for a deposition. (September 29, 2023 Email, Ex. 7).[7] Defendants accordingly filed a notice objecting to Matthew and Rose Whites' capacity to maintain an action on October 18, 2023. (Notice and Objection, DE 85). Plaintiffs never substituted an administrator of an estate for Matthew White or a guardian for Rose White.

Defense counsel traveled to Jackson, Kentucky on October 25, 2023 and October 31, 2023 for the depositions of Harold Ray White and Amy Dryden but both failed to appear. (Notices of Failure to Appear, DE 87 and 89); (Certificate of Non-Appearance, Ex. 8). For Amy Dryden, Plaintiffs alleged that the deposition had "slipped [her] mind[]" due to her husband Plaintiff Bruce Dryden's bout of gangrene. (Resp. to Notice, DE 91).

Defendants re-noticed the depositions of Amy Dryden and Harold Ray White for December 5, 2023. (Am. Notice of Deposition, DE 101). These depositions were postponed again due to scheduling conflicts that had arisen for Plaintiffs' counsel and re-noticed for January 16, 2024. (Additional Notices of Deposition, DE 103 and 107).

On January 12, 2024, Plaintiffs' counsel sent a letter indicating that: (a) Amy Dryden had been hospitalized; and (b) Harold Ray White was not reachable by phone but had been sent a letter regarding his deposition. (January 12, 2024 Letter, Ex. 9). Given the hospitalization issue and inclement weather, Defendants again agreed to reschedule the depositions. (January 15 to January 18, 2024 Emails, Ex. 10). The depositions were re-noticed for February 7, 2024. (Third Amended Notice of Depositions, DE 121).

---

[7] *See also* Matthew White Obituary, available at https://m.wattsfuneralhomekentucky.com/obituaries/events?obituaryId=27876384.

On February 6, 2024, Plaintiffs' counsel advised that Amy Dryden was too ill to appear for her deposition and she did not appear on February 7th. (February 6, 2024 Email, Ex. 11). Harold Ray White also failed to appear for his deposition on February 7th. (Notices of Plaintiffs' Failures to Appear for Depositions, DE 133).

Additionally, on December 14, 2023, Plaintiffs' counsel agreed to a December 28, 2023 inspection of the Plaintiffs' property. (Dec. 14, 2023 Email Chain, Ex. 12). A formal Notice was issued for the inspection. (Notice of Inspection, DE 112). When Defendants' counsel attempted to view Amy and Bruce Dryden's home *from the public roadway,* the Drydens confronted them and demanded that they leave the area even after counsel explained who they were and that Plaintiffs' counsel had agreed to an inspection. (Dec. 29, 2023 Email, Ex. 13).

The above named Plaintiffs' failure to respond to discovery, appear for deposition, disobedience of the Court's Orders, and refusal to permit a properly noticed inspection, even from a public roadway, are all discovery violations that warrant judgment being granted against the named Plaintiffs.

## ARGUMENT

I. **Judgment Should Be Granted Dismissing the Claims of the Identified Plaintiffs as a Result of Their Failure to Fully Respond to Written Discovery, Appear for Depositions, and/or Permit Inspection of Their Property.**

Sanctions are warranted when a Plaintiff refuses to uphold its discovery obligations. Dismissal with prejudice is the appropriate sanction in this case for Plaintiffs' blatant refusal to comply with discovery rules and the Orders of the Court related to discovery.

Federal Rule of Civil Procedure 37 provides that a party may be subject to sanctions for failing to serve responses to written discovery requests and for failure to appear at their properly noticed deposition:

8

> (A) Motion; Grounds for Sanctions. **The court where the action is pending may, on motion, order sanctions if:**
>
> > (i) *a party* or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—**fails, after being served with proper notice, to appear for that person's deposition**; or
>
> > (ii) *a party*, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, **fails to serve its answers, objections, or written response.**

Fed. R. Civ. P. 37(d)(1)(A). Sanctions are also appropriate when a Plaintiff fails to comply with the Court's orders on discovery and the sanctions available under both scenarios include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 37(b)(2)(A)(v).

Additionally, Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

### A. The Identified Plaintiffs Have Failed to Comply With Discovery Obligations.

Cesar Henson, Martin Moore, Whittney Moore, Johnny Mullins, Teresa Mullins, Tabitha Patrick, Dana Watts, Tammy White, James Henson, Clarissa Mullins, and Megan White have failed to provide *any written responses* to the discovery requests Defendants served over a year ago. Bridgette Fugate, Diana Ortela, Burley White, Denita White, Debbie Watts, Adam White, and Megan White have also refused to turn over documents that their counsel admitted were responsive and relevant. All of these Plaintiffs were under orders from this Court to provide complete and full responses to discovery by no later than June 20, 2023, and the latter group was

9

compelled to produce the relevant documents pursuant to the Order from Magistrate Judge Stinnett issued on December 5, 2023. (Order on Mtn. for Ext. of Time and Minute Order, DE 49 and 104).

Amy Dryden and Harold Ray White also failed to appear for their depositions *on four different occasions* and Amy and Bruce Dryden refused to allow the Defendants to view their property --- which they allege was damaged by the Defendants, even though their counsel had agreed to an inspection.

### B. The Appropriate Sanction is Dismissal of These Plaintiffs' Claims with Prejudice.

Defendants have tried in earnest to compel the identified Plaintiffs to participate in discovery for well over a year. Defendants have also agreed to give the Plaintiffs more time than even the Federal Rules allow for responding to discovery. Yet, Plaintiffs have still not met their obligations. Accordingly, the Court should dismiss their claims with prejudice.[8]

When determining if dismissal is an appropriate sanction under Rule 37, courts should consider whether the plaintiff's failure to participate in discovery is due to willfulness and bad faith; whether the adversary was prejudiced by the plaintiff's conduct; whether the plaintiff was warned that failure to cooperate could lead to dismissal; and whether less drastic sanctions can be imposed before dismissal is ordered. *United States v. Reyes,* 307 F.3d 451, 458 (6th Cir. 2002) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).[9] "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Reyes,* 307 F.3d at

---

[8] "Dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)). (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)). Notably, the Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction." *Brewer v. Detroit Pub. Schs. Cmty. Dist.*, No. 20-2068, 2021 U.S. App. LEXIS 36786, at *8 (6th Cir. Dec. 13, 2021) (quoting *Harmon*, 110 F.3d at 368).

[9] These factors also guide the analysis when a plaintiff is in violation of an order requiring discovery. *See Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736-37 (6th Cir. 2008); *Resch v. Lambart*, Case No. 1:21-cv-967, 2023 U.S. Dist. LEXIS 229297 at *2-3 (W.D. Mich. Dec. 27, 2023).

10

458. Further, the party opposing dismissal bears "the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *Id.* (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)). Dismissal is the appropriate sanction in this case. Here, all of the Rule 37 factors are present.

### i. Plaintiffs' Conduct Demonstrates Willfulness and Bad Faith.

Plaintiffs have been given ample opportunity to produce discovery responses as a result of multiple extensions of this Court's scheduling orders. (Prelim. Sched. Order, DE 15); (Scheduling Order, DE 37); (Scheduling Order, DE 49). They have also been ordered multiple times to provide written discovery responses and responsive documents. (Order on Mtn. to Withdraw, DE 54); (Order on Amen. Mtn. to Withdraw, DE 56); (Minute Order, DE 104). Despite this, they have failed to provide full and complete responses.

Similarly, because appearing for a deposition is "one of the most basic duties of a plaintiff," courts in this Circuit frequently dismiss actions when a plaintiff fails to attend their deposition, and the Sixth Circuit commonly affirms such decisions. *Moore v. Erickson*, No. 22-2134, No. 22-2134, 2023 U.S. App. LEXIS 26639, at *10 (6th Cir. Oct. 5, 2023) (unpublished); *Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 957 (6th Cir. 2003); *Woodson v. Morris*, No. 94-6608, 1995 U.S. App. LEXIS 35514, at *3 (6th Cir. Nov. 17, 1995) (unpublished); *Resch*, 2023 U.S. Dist. LEXIS 229297, at *2-5; *Hathaway v. Cty. of Memphis*, No. 13-02688, 2016 U.S. Dist. LEXIS 178699, at *10-13 (W. D. Tenn. Dec. 27, 2016); *Powell v. Cont'l Cas. Co.*, Case No. 1:09-cv-710, 2010 U.S. Dist. LEXIS 139626, at *4-6 (S.D. Ohio Nov. 16, 2010). Although Ms. Dryden's circumstances related to her health are unfortunate, the fact remains that the Defendants attempted to schedule her deposition on four different occasions and emphasized on the fourth occasion how critical it was that she appear given the impending close of discovery. She and Bruce

11

Dryden also blatantly interfered with the Defendants' efforts to inspect their property, even from the public roadway. Harold Ray White has offered no excuse at all for his failure to appear for deposition.

These Plaintiffs' dilatory and "stubbornly disobedient" behavior evidences a "reckless disregard for the effect of [Plaintiffs'] conduct on [these judicial] proceedings" as well as the Court's Orders. *Carpenter v. Cty. of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (quoting *Schafer* 529 F.3d at 737; *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

### ii. Defendants Have Been Prejudiced.

Moreover, Defendants have consistently been "required to waste time, money, and effort in the pursuit of cooperation which [the plaintiffs] [were] legally obligated to provide". *Id.* at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Defendants' diligent, yet costly, efforts to obtain full and complete written discovery responses include, but are not limited, to the multiple attempts to meet and confer through correspondence with Plaintiffs' counsel (including the over 73 deficiency letters sent to Plaintiffs' counsel), phone calls with Plaintiffs' counsel, and a conference with the Magistrate Judge. They also appeared for depositions that the referenced Plaintiffs failed to attend and took great efforts to try and reschedule depositions that the Plaintiffs still did not attend. *Moore*, 2023 U.S. App. LEXIS 26639, at *7.

Defendants are also prejudiced because they are "entitled to full discovery," including complete responses to their interrogatories and requests for production, "so that [they] [can] defend . . . against [Plaintiffs'] claims." *Brewer*, 2021 U.S. App. LEXIS 36786, at *8. Without question, the discovery sought in this case related to the flood event and the Plaintiffs' damages is absolutely necessary in order for the Defendants' to mount a proper defense to these Plaintiffs' claims. Plaintiffs have "severely hampered Defendant[s'] ability to obtain the discovery necessary to

12

defend this action" by failing to appear for their depositions as well. *Messer v. Quality Care*, Civil No. 3:19-cv-00019-GFVT-EBA, 2021 U.S. Dist. LEXIS 232168, at *3 (E.D. Ky. April 12, 2021).

### *iii. Plaintiffs Have Been Warned That Failure to Cooperate May Lead to Dismissal.*

Plaintiffs have also been on notice that failure to fully participate in discovery may result in dismissal since nearly the outset of this case. In February 2023, Plaintiffs' counsel advised their clients that noncompliance could lead to dismissal of their claims. (Feb. 22, 2023 Ltr., Ex. 14); (Status Report, DE 38) (discussing these communications and subsequent efforts to obtain discovery in March 2023). This is in addition to this Court's own Order warning of dismissal for failure to participate in discovery. (Orders on Mtn. to Withdraw and Am. Mtn. to Withdraw, DE 54 and 56). Plaintiffs' counsel also stated during the December 2023 conference with the Magistrate Judge that he intended to hold a meeting with his clients between Christmas and New Year in which he intended to convey to them that if they did not participate in discovery, dismissal of their claims was an option.

### *iv. Less Drastic Sanctions Would Be Ineffective.*

Finally, given the multiple extensions already granted for Plaintiffs to properly respond to discovery, and the numerous efforts made to reschedule the referenced depositions, it is likely that "less drastic sanctions [than dismissal with prejudice]. . . would have no effect on [Plaintiffs'] conduct." *Brewer*, 2021 U.S. App. LEXIS 36786, at *9 (affirming dismissal with prejudice for, *inter alia*, failure to respond to written discovery requests); *see also*, e.g., *Lay v. Altrichter*, No. 6:20-CV-18-REW-HAI, 2020 U.S. Dist. LEXIS 94819, at *10 (E.D. Ky. June 1, 2020) (Rule 41(b) dismissal is "typically with prejudice"). The fact that the Plaintiffs have had ample opportunities to participate in discovery but have consistently failed to do so, evidences an effective abandonment of their case. *Lay*, 2020 U.S. Dist. LEXIS 94819, at *12 (citing *Beekman v. Wilkie*,

13

No. 18-CV-12878, 2019 U.S. Dist. LEXIS 25129, at *6 (E.D. Mich. Jan. 8, 2019)).[10] As such, the identified Plaintiffs' claims should be dismissed with prejudice.

### II. Judgment Should Be Granted Dismissing the Claims Asserted by Matthew White and Rose White Given the Failure of the Plaintiffs to Substitute.

The claims asserted by Matthew White and Rose White should also be dismissed. Fed. R. Civ. P. 25(a)(1) requires dismissal of a deceased Plaintiff's claims if no motion for substitution is made within "90 days after service of a statement noting the death" of the Plaintiff and the Plaintiff's claims are not extinguished."[11] Fed. R. Civ. P. 25(a)(1); *Viner v. United States*, NO. 20-22-DLB-EBA, 2022 U.S. Dist. LEXIS 222179, at *4 (E.D. Ky. Dec. 9, 2022) (dismissal required under Rule 25(a) when no motion to substitute is made within 90 days of the statement noting death). Further, if "a party becomes incompetent while the action is pending," and if an "objection has been made that the person deemed incompetent is not the real party in interest," dismissal is appropriate if, after a reasonable time, a guardian is not appointed and substituted as the real party in interest. *Kuelbs v. Hill,* 615 F.3d 1037, 1042-43 (8th Cir. 2010); Fed. R. Civ. P. 25(b); Fed. R. Civ. P. 17(a)(3).

Defendants properly noticed these Plaintiffs' depositions on September 18, 2023, after which Plaintiffs' counsel served, on September 29, 2023, a statement noting Matthew White's death and claiming that Rose White is incompetent. Defendants thereafter filed a notice documenting this communication and objecting to Matthew and Rose White's capacity to bring an action on October 18, 2023. (Notice and Objection, DE 85). More than five months have passed without any attempt by the Plaintiffs to substitute a representative of Mr. White's estate or a

---

[10] While some of the Plaintiffs have produced some documents, depositions revealed that their productions were incomplete and they ignored Magistrate Judge Stinnett's December 5, 2023 order requiring production of the additional responsive materials identified through their depositions.

[11] Death does not extinguish Plaintiff Matthew White's claims for injury to real or personal property at issue in this motion. KRS § 411.140.

guardian for Ms. White and discovery has now closed. Dismissal is thus warranted under Rules 25 and 17.

Further, Plaintiffs' failure to move to substitute and coordinate depositions for substituted parties before the close of discovery also amounts to a failure to prosecute under Rule 41(b). Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules . . . a defendant may move to dismiss the action or any claim against it."). "[A]t best, [Plaintiffs were] extremely dilatory in not pursuing [their] claim[s]," evidencing "an intention to allow [their] case to lapse." *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 380 (6th Cir. 2011) (quoting *Schafer*, 529 F.3d at 739). Defendants are as well prejudiced because they were not given the opportunity to depose any individuals who might pursue Matthew and Rose White's claims and discovery is now closed.

Given the circumstances, these claims should be dismissed with prejudice as well. *See*, e.g., *Lay*, 2020 U.S. Dist. LEXIS 94819, at *10; *Grove v. Ohio Dep't of Rehab. & Corr.*, No. 2:18-cv-1492, 2021 U.S. Dist. LEXIS 175083, at *3 (S.D. Ohio Sept. 15, 2021) (citing *Greene v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 3:18-CV-00509, 2019 U.S. Dist. LEXIS 179084, at *6 n.1 (M.D. Tenn. Oct. 15, 2019) (dismissal with prejudice is appropriate where there is no motion to substitute or "any other filings indicating an intention to pursue" a deceased party's claims); *Hawks v. John & Jane Does*, NO. 3:10CV-169-S, 2013 U.S. Dist. LEXIS 8766, at *2 (W.D. Ky. Jan. 22, 2013) (dismissing the case with prejudice for failure to file a timely motion to substitute pursuant to Rule 25(a)(1)).

## **CONCLUSION**

WHEREFORE, for any and all of the above stated reasons, judgment should be granted dismissing, with prejudice, the claims of the identified Plaintiffs.

Respectfully submitted,

*/s/ Grahmn N. Morgan*
Grahmn N. Morgan (KBA #89219)
Kristeena L. Johnson (KBA #94994)
James M. McClure (KBA #99580)
DINSMORE & SHOHL LLP
100 W. Main St., Suite 900
Lexington, KY 40507
T: (859) 425-1000
F: (859) 425-1099
grahmn.morgan@dinsmore.com
kristeena.johnson@dinsmore.com
mac.mcclure@dinsmore.com

Ashley L. Pack (KBA #89013)
707 Virginia St. E, Suite 1300
Charleston, WV 25301
T: (304) 357-0900
F: (304) 357-0919
ashley.pack@dinsmore.com

and

R. Clay Larkin
Dentons Bingham Greenebaum LLP
300 West Vine Street, Suite 1200
Lexington, KY 40507
T: (859) 231-8500
clay.larkin@dentons.com
*Counsel for Defendants*

## CERTIFICATE PURSUANT TO FED. R. CIV. P. 37(d)(1)(B) and LR 37.1

Pursuant to Fed. R. Civ. P. 37(d)(1)(B) and LR 37.1, the undersigned certifies that the Defendants have in good faith attempted to confer with the Plaintiffs in an effort to obtain the identified discovery without court action. The efforts made by the Defendants to compel production of the identified discovery include multiple agreements to extensions for time to respond to discovery, numerous letters attempting to meet and confer, multiple attempts to reschedule depositions, and even a conference with the Magistrate Judge. These measures have all failed to compel the identified Plaintiffs to properly participate in discovery.

*/s/ Grahmn N. Morgan*
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

    This is to certify that I electronically served and filed the foregoing with the Clerk of the Court using the CM/ECF system on this 12th day of March, 2024, which will give notice to all parties of record.

                                          */s/ Grahmn N. Morgan*
                                          *Counsel for Defendants*