# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:22-cv-231-DCR**

| | |
|---|---|
| **EUGENE BAKER, et al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BLACKHAWK MINING, LLC, and** | ) |
| **PINE BRANCH MINING, LLC** | ) |
| | ) |
| **Defendants.** | ) |

**\*\*\*\*\*\*\*\*\*\***

**DEFENDANTS PINE BRANCH MINING, LLC'S
FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFFS**

Defendant, Pine Branch Mining, LLC ("Pine Branch") propounds the following requests for admission, interrogatories, and requests for production of documents upon Plaintiffs pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure. The requests for admission and interrogatories are to be answered fully in writing and under oath, the documents requested are to be produced, and written responses to the requests for production are to be served upon Pine Branch's undersigned attorney within thirty (30) days of service hereof.

## DEFINITIONS

1.     The term "Defendants" shall refer to Blackhawk Mining, LLC and Pine Branch Mining, LLC, as well as their employees, agents, attorneys, officers, and representatives.

2.     The terms "you" and "your" shall refer to the specific Plaintiff providing responses to these Discovery Requests and his or her employees, agents, attorneys, and representatives.

3.     The term "Complaint" refers to the Complaint filed in this lawsuit on August 22, 2022 before the Commonwealth of Kentucky, Breathitt Circuit Court, and assigned Case No. 22-

CI-00141, and subsequently removed to the United States District Court for the Eastern District of Kentucky.

4.      The terms "concerning" or "concern" mean constituting, relating to, mentioning, discussing, evidencing, involving, depicting, describing, listing, consisting of, forming the basis of, commenting on, supporting, analyzing, forwarding, demonstrating, referring to or connected with, about, regarding, discussing, relying upon, or in any way related to the indicated item or person.

5.      As used herein, the terms "document" and "documents" shall be interpreted in their broadest possible sense and mean any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including any medium in which information is stored, such as, but not limited to, advertisements, brochures, flyers, circulars, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, manuals, guarantees, summaries, pamphlets, books, prospectuses, inter-office communications, electronic mail, web pages, instant messages, text messages, social media posts and/or messages, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, videos, animations, computer printouts, teletypes, telefax, and worksheets. Further, the terms "Document" and "Documents" shall include all drafts, tapes, tape recordings, transcripts, graphic records or representations of any kind, and all documents stored on computer tapes, disks or diskettes and all documents stored in or on a computer, back-up tape or other electronic usage medium or other electronic device or electronic mailboxes. The terms "Document" and "Documents" shall also include materials stored electronically or

electromagnetically, and all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

6.      "Explain," "state," and "describe" mean to specify in detail and include the recitation of all relevant dates and places as well as the requirement to identify, as defined below, all pertinent matter that is the subject of the individual request.

7.      "Identify" when used in reference to a person shall mean to state the person's name, last known home and business address, last known telephone number(s), relationship to You, and, if the person is deceased, his or her date of death.

8.      "Identify" when used in reference to a document shall mean to state the date of the document, as well as the title, type (e.g. letter, memorandum, telegram), current location, current custodian and general subject matter of the document. Additionally, "identify" means to state the name and address of each person who made, prepared or signed the document, the name and address of each person to whom the document was sent and the name and address of each person to whom a copy was indicated to have been sent.

9.      "Identify" when used in reference to a location shall mean to describe the coordinates or other specific information that would allow a third person to find the location.

10.     The term "person" refers to a natural person, corporation, partnership, other business entity or association, or any government or governmental body, commission, board, or agency.

11.     The term "rain event" or "flood event" refers to the historical and unprecedented rain event that occurred within the River Caney watershed at the end of July 2022 and which is the subject of the Plaintiffs' Complaint.

12.     The term "governmental entity" refers to any federal, state, and local governmental entity, including, but not limited to, the Federal Emergency Management Agency (FEMA) and the Commonwealth of Kentucky.

## DIRECTIONS

1.      Each Plaintiff is to respond to each Discovery Request contained herein, providing responses specific to his or her claims where applicable. However, it is not necessary for each Plaintiff to produce a document pursuant to a Request for Production if that document is subject to production by two or more Plaintiffs. Instead, one Plaintiff should produce the document and all other Plaintiffs who would otherwise produce the document should note in their responses to the relevant Request for Production that the document is being produced by the producing Plaintiff.

2.      In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neuter pronoun shall not exclude the other genders; (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of each request all information that might otherwise be construed to be outside its scope; and (iv) the word "any" shall be read to mean each and every.

3.      These requests are continuing in nature so as to require you to provide amended or supplemental answers when you obtain additional information pertinent to any request.

4.      When you are asked to describe a person's knowledge or information, your answer should specify all facts, opinions, and data underlying or contributing to that knowledge or information, and state when and how that person obtained such facts, opinions, and data.

5.      Whenever you cannot answer any of the following requests or do not possess all information requested, you shall so state and answer to the fullest extent possible, specifying the reason(s) for your inability to answer and setting forth whatever knowledge or information is available to you when answering.

6.      If you refuse to respond to any request in whole or in part on the grounds of privilege, you shall for each such request identify: (a) the person or persons who have knowledge of the withheld information; (b) the claim of privilege under which the information is withheld; and (c) a description of the information which you consider adequate to support the contention that the information is privileged.

7.      All information is to be divulged which is in your possession or control or within the possession and control of your attorneys, investigators, agents, employees, or other representatives of you or your attorneys.

## INTERROGATORIES

**INTERROGATORY 1.**      State your full name, current residential address, current employment address, date of birth, and social security number.

**ANSWER:**

**INTERROGATORY 2.**      Identify all persons who provided information or contributed to preparing your responses to these Discovery Requests. With respect to each person, identify the answers and requests that the individual assisted in responding to or for which the individual was consulted, relied upon, or otherwise constituted a source of information.

**ANSWER:**

**INTERROGATORY 3.**      Identify each person you believe to be a witness to or to otherwise have knowledge of the allegations set forth in your Complaint, providing the

individual's name, address, employer, last know contact information, and a description of the knowledge or information he or she is believed to have.

**ANSWER:**

**INTERROGATORY 4.**      Identify each person you may call as a witness at any trial or hearing in this action, providing the individual's name, address, employer, last known contact information, and a description of the facts, events, or information he or she may testify concerning.

**ANSWER:**

**INTERROGATORY 5.**      Identify each person you expect to call as an expert witness at any trial or hearing of this matter, stating the subject matter on which the individual is expected to testify, the substance of opinions to which the individual is anticipated to testify, all facts and data reviewed or relied upon in forming those opinions, and all documents or tangible things reviewed, prepared, or relied upon by the individual in connection with the formation of his or her opinions.

**ANSWER:**

**INTERROGATORY 6.**      Describe with specificity the complete basis for your claim in paragraph 5 of the Complaint that "Defendants operated a number of silt ponds which failed

due to the fact that they were improperly maintained and improperly constructed," identifying specifically all documents and information that you contend support your claim.

**ANSWER:**

**INTERROGATORY 7.**     Describe with specificity the complete basis for your claim in paragraph 6 of the Complaint that "debris, sediment, and other matter, including fish, escaped from the silt ponds and came onto the property of many of the Plaintiffs" and as a result "Plaintiffs allege that Defendants violated Kentucky Administrative Regulation (KAR) 20:060, which prohibits the escaping of materials and other debris, including water, from a permitted area to a non-permitted area (the Plaintiff's property)." Your answer should identify specifically all documents and information that you contend support your claim.

**ANSWER:**

**INTERROGATORY 8.**     Describe with specificity the complete basis for your claims in paragraphs 7 and 8 of the Complaint that the Defendants failed to properly reclaim strip mining operations above the Plaintiffs' homes, that the Defendants did so in violation of KRS § 350.100, and that the flood damage alleged in Plaintiffs' Complaint was exacerbated as a result. Your answer should identify specifically all documents and information that you contend support your claim.

**ANSWER:**

**INTERROGATORY 9.**      Describe with specificity the complete basis for your claim in paragraph 9 of the Complaint that "many of the Plaintiffs' well water supply was destroyed, interrupted, or polluted" by actions of the Defendants, identifying specifically all documents and information that you contend support your claim.

**ANSWER:**


**INTERROGATORY 10.**      Describe with specificity the actions and/or omissions made by the Defendants which you contend support your claim for punitive damages, identifying all documents and information you contend support your claim.

**ANSWER:**


**INTERROGATORY 11.**      Identify all legal actions in which you have been previously involved, providing the subject matter of each action, the venue in which the action was filed, identifying all parties to the action, and providing a description of the outcome of the action.

**ANSWER:**


**INTERROGATORY 12.**      Identify any complaint filed by you or any individual on your behalf with the Kentucky Energy and Environment Cabinet or any other government agency against either Defendant in this action or any predecessor to either Defendant, at any time, for any reason, stating the name of the entity to which the complaint was made, the date of the complaint,

the allegations of the complaint, any reference number assigned to the complaint, and the results of the complaint.

**ANSWER:**

**INTERROGATORY 13.**   State whether any of the properties you contend were impacted by the flood event alleged in the Complaint have ever experienced flooding previously and, if so, identify:

1) The dates of any such prior flooding;

2) The height of any flood waters during those flooding events;

3) Whether the flood waters infiltrated any structure/improvement located on the property and the height of the flood waters in any such structure/improvement;

4) Any lawsuits filed as a result of the prior flood event, including all parties to the lawsuit; and

5) Any payments received in compensation for damage incurred during the prior flood event.

**ANSWER:**

**INTERROGATORY 14.**   State whether you had flood insurance at the time of the events described in the Complaint and, if so, provide the name and address of the carrier; the policy limits; the name of your insurance agent;, and state whether you've made a claim with respect to any damage alleged as a result of the flood event at issue in this lawsuit and identify any amounts paid as a result.

**ANSWER:**

**INTERROGATORY 15.**     State whether you have applied to any state, federal, or local agency or other organization for aid or assistance as a result of the flood event alleged in the Complaint and, if so, identify the agency or organization to which you've applied; the dates on which you applied; any reference number assigned to your application; the reason for your application; and whether you've received any amount as a result of the application.

**ANSWER:**

**INTERROGATORY 16.**     To the extent you claim damages as a result of business loss, lost income, or lost profits, identify each and every source of income you have received during the past five (5) years.

**ANSWER:**

**INTERROGATORY 17.**     Identify all relatives over the age of 18 residing in Bath, Bourbon, Boyle, Breathitt, Clark, Estill, Fayette, Fleming, Garrard, Harrison, Jessamine, Lee, Lincoln, Madison, Menifee, Mercer, Montgomery, Nicholas, Powell, Scott, Wolfe, and Woodford counties.

**ANSWER:**

**INTERROGATORY 18.**     Identify all relatives which are also parties to this lawsuit, stating specifically the relationship held with each.

**ANSWER:**

**INTERROGATORY 19.**     Identify all investigations and/or studies of which you are aware that have been conducted by any individual or entity related to the flood event alleged in the Complaint, identifying the agency, organization, and individuals involved.

**ANSWER:**


**INTERROGATORY 20.**     Identify all social media accounts, by platform and username, held by you.

**ANSWER:**


**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1.**     Produce all documents identified, relied upon, referenced, or used in answering these Discovery Requests.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2.**     Produce all documents, communications, photographs and/or videos in your possession and control concerning the flood event at issue in the Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3.**     Produce all documents and tangible things that you intend to introduce, make reference to, or otherwise make use of during any trial, hearing, or deposition in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4.**    Produce all documents and communications related to your claim in paragraph 5 of the Complaint that "Defendants operated a number of silt ponds which failed due to the fact that they were improperly maintained and improperly constructed."

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5.**    Produce all documents and communications related to your claim in paragraph 6 of the Complaint that "debris, sediment, and other matter, including fish, escaped from the silt ponds and came onto the property of many of the Plaintiffs" and as a result "Plaintiffs allege that Defendants violated Kentucky Administrative Regulation (KAR) 20:060, which prohibits the escaping of materials and other debris, including water, from a permitted area to a non-permitted area (the Plaintiff's property)."

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6.**    Produce all documents and communications related to your claims in paragraphs 7 and 8 of the Complaint that the Defendants failed to properly reclaim strip mining operations above the Plaintiffs' homes, that the Defendants did so in violation of KRS § 350.100, and that the flood damage alleged in Plaintiffs' Complaint was exacerbated as a result.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7.**   Produce all documents and communications related to your claim in paragraph 9 of the Complaint that "many of the Plaintiffs' well water supply was destroyed, interrupted, or polluted" by actions and/or omissions of the Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8.**  Produce all results from any testing performed of any well that you contend was destroyed, interrupted, or polluted as a result of actions and/or omissions of the Defendants whether prior to or following the flood event alleged in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9.**   Produce all documents and communications concerning any inspection of any well you contend was destroyed, interrupted, or polluted as a result of any action and/or omission of the Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10.** To the extent you are claiming destruction, interruption, or pollution of well water as part of this lawsuit, produce all documents and communications related to the installment of the subject well on the property at issue, including all documents related to the cost of installation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11.** Produce all documents and communications concerning your claim for punitive damages.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12.** Produce all documents and communications related to any complaint filed by you or any individual on your behalf with the Kentucky Energy and Environment Cabinet or any other government agency against either Defendant in this action or any predecessor to either Defendant, at any time, for any reason.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13.** Produce all documents and communications concerning any flood event experienced by any property at issue in this lawsuit prior to the events described in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14.** Produce a complete copy of all insurance policies and declaration pages applicable to any piece of property you contend was damaged by any act or omission of the Defendants in place at the time of the events alleged in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15.** Produce all documents and communications related to any insurance claim made with respect to any damage resulting from the flood event described in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16.** Produce all documents and communications concerning any insurance claim made with respect to any piece of property which you contend was damaged by an act or omission of the Defendants, at any time, whether prior to or following the flood event at issue in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17.** Produce all documents and communications concerning any application to and/or award by any state, federal, or local agency or other organization for aid or assistance as a result of the flood event alleged in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18.** Produce all documents and communications concerning any prior application to and/or award by any state, federal, or local agency or other organization for aid in connection with any previous flood event.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19.** Produce all documents and communications concerning any investigation and/or study of which you are aware related to the cause of the flood event alleged in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20.** Produce all communications which you've made or received concerning the allegations in the Complaint, the flood event alleged in the Complaint, and/or the Defendants to this action with any other individual or entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21.** Produce all witness statements obtained by you or anyone on your behalf from any individual concerning the flood event alleged in the Complaint and/or the Defendants to this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22.** Produce all social media posts which you have authored concerning the allegations in the Complaint, the flood event alleged in the Complaint, and/or the Defendants to this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23.** Produce all documents and tangible things which any individual you intend to designate as an expert witness in this matter has reviewed or relied upon in forming any opinions in this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24.** Produce all reports generated by any expert witness that you intend to call as a witness at any trial or hearing of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25.** Produce all documents and tangible things concerning the boundaries of the River Caney watershed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26.** Produce all documents and tangible things concerning the amount of rainfall experienced in the River Caney watershed during the time period at issue in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27.** Produce all documents and tangible things concerning the height of flood waters on any property at issue in this litigation during the flood event alleged in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28.** Produce a copy of any lease agreement entered into between you and either Defendant or any predecessor of either Defendant.

**RESPONSE:**

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1.**    Admit that the rain event alleged in the Complaint was a 1000-year frequency storm according NOAA Atlas 14 Point Precipitation Frequency Estimates.

**RESPONSE:**

Respectfully submitted,

*/s/ Grahmn N. Morgan*
Grahmn N. Morgan (KBA #89219)
Kristeena L. Johnson (KBA #94994)
DINSMORE & SHOHL LLP
100 W. Main St., Suite 900
Lexington, KY 40507
T: (859) 425-1000
F: (859) 425-1099
grahmn.morgan@dinsmore.com
kristeena.johnson@dinsmore.com

and

R. Clay Larkin
Dentons Bingham Greenebaum LLP
300 West Vine Street, Suite 1200
Lexington, KY 40507
T: (859) 231-8500
clay.larkin@dentons.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing was served by electronic mail and U.S. mail on December 22, 2022 to the following:

Ned Pillersdorf
PILLERSDORF LAW OFFICES
124 W. Court St.
Prestonsburg, KY 41653
T: (606) 886-6090
pillersn@gmail.com
*Counsel for Plaintiffs*

*/s/ Grahmn N. Morgan*
*Counsel for Defendants*

27563142.1

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**
**CASE NO. 5:22-cv-231-DCR**

| | |
|---|---|
| **EUGENE BAKER, et al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BLACKHAWK MINING, LLC, and** | ) |
| **PINE BRANCH MINING, LLC** | ) |
| | ) |
| **Defendants.** | ) |

**\*\*\*\*\*\*\*\*\*\***

## DEFENDANTS BLACKHAWK MINING, LLC'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFFS

Defendant, Blackhawk Mining, LLC ("Blackhawk") propounds the following requests for admission, interrogatories, and requests for production of documents upon Plaintiffs pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure. The requests for admission and interrogatories are to be answered fully in writing and under oath, the documents requested are to be produced, and written responses to the requests for production are to be served upon Blackhawk's undersigned attorney within thirty (30) days of service hereof.

## DEFINITIONS

1.     The term "Defendants" shall refer to Blackhawk Mining, LLC and Pine Branch Mining, LLC, as well as their employees, agents, attorneys, officers, and representatives.

2.     The terms "you" and "your" shall refer to the specific Plaintiff providing responses to these Discovery Requests and his or her employees, agents, attorneys, and representatives.

3.     The term "Complaint" refers to the Complaint filed in this lawsuit on August 22, 2022 before the Commonwealth of Kentucky, Breathitt Circuit Court, and assigned Case No. 22-

CI-00141, and subsequently removed to the United States District Court for the Eastern District of Kentucky.

4.     The terms "concerning" or "concern" mean constituting, relating to, mentioning, discussing, evidencing, involving, depicting, describing, listing, consisting of, forming the basis of, commenting on, supporting, analyzing, forwarding, demonstrating, referring to or connected with, about, regarding, discussing, relying upon, or in any way related to the indicated item or person.

5.     As used herein, the terms "document" and "documents" shall be interpreted in their broadest possible sense and mean any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including any medium in which information is stored, such as, but not limited to, advertisements, brochures, flyers, circulars, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, manuals, guarantees, summaries, pamphlets, books, prospectuses, inter-office communications, electronic mail, web pages, instant messages, text messages, social media posts and/or messages, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, videos, animations, computer printouts, teletypes, telefax, and worksheets. Further, the terms "Document" and "Documents" shall include all drafts, tapes, tape recordings, transcripts, graphic records or representations of any kind, and all documents stored on computer tapes, disks or diskettes and all documents stored in or on a computer, back-up tape or other electronic usage medium or other electronic device or electronic mailboxes. The terms "Document" and "Documents" shall also include materials stored electronically or

electromagnetically, and all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

6.      "Explain," "state," and "describe" mean to specify in detail and include the recitation of all relevant dates and places as well as the requirement to identify, as defined below, all pertinent matter that is the subject of the individual request.

7.      "Identify" when used in reference to a person shall mean to state the person's name, last known home and business address, last known telephone number(s), relationship to You, and, if the person is deceased, his or her date of death.

8.      "Identify" when used in reference to a document shall mean to state the date of the document, as well as the title, type (e.g. letter, memorandum, telegram), current location, current custodian and general subject matter of the document. Additionally, "identify" means to state the name and address of each person who made, prepared or signed the document, the name and address of each person to whom the document was sent and the name and address of each person to whom a copy was indicated to have been sent.

9.      "Identify" when used in reference to a location shall mean to describe the coordinates or other specific information that would allow a third person to find the location.

10.     The term "person" refers to a natural person, corporation, partnership, other business entity or association, or any government or governmental body, commission, board, or agency.

11.     The term "rain event" or "flood event" refers to the historical and unprecedented rain event that occurred within the River Caney watershed at the end of July 2022 and which is the subject of the Plaintiffs' Complaint.

12.     The term "governmental entity" refers to any federal, state, and local governmental entity, including, but not limited to, the Federal Emergency Management Agency (FEMA) and the Commonwealth of Kentucky.

## **DIRECTIONS**

1.      Each Plaintiff is to respond to each Discovery Request contained herein, providing responses specific to his or her claims where applicable. However, it is not necessary for each Plaintiff to produce a document pursuant to a Request for Production if that document is subject to production by two or more Plaintiffs. Instead, one Plaintiff should produce the document and all other Plaintiffs who would otherwise produce the document should note in their responses to the relevant Request for Production that the document is being produced by the producing Plaintiff.

2.      In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neuter pronoun shall not exclude the other genders; (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of each request all information that might otherwise be construed to be outside its scope; and (iv) the word "any" shall be read to mean each and every.

3.      These requests are continuing in nature so as to require you to provide amended or supplemental answers when you obtain additional information pertinent to any request.

4.      When you are asked to describe a person's knowledge or information, your answer should specify all facts, opinions, and data underlying or contributing to that knowledge or information, and state when and how that person obtained such facts, opinions, and data.

5.      Whenever you cannot answer any of the following requests or do not possess all information requested, you shall so state and answer to the fullest extent possible, specifying the reason(s) for your inability to answer and setting forth whatever knowledge or information is available to you when answering.

4

6.      If you refuse to respond to any request in whole or in part on the grounds of privilege, you shall for each such request identify: (a) the person or persons who have knowledge of the withheld information; (b) the claim of privilege under which the information is withheld; and (c) a description of the information which you consider adequate to support the contention that the information is privileged.

7.      All information is to be divulged which is in your possession or control or within the possession and control of your attorneys, investigators, agents, employees, or other representatives of you or your attorneys.

## **INTERROGATORIES**

**INTERROGATORY 1.**      Identify all persons who provided information or contributed to preparing your responses to these Discovery Requests. With respect to each person, identify the answers and requests that the individual assisted in responding to or for which the individual was consulted, relied upon, or otherwise constituted a source of information.

**ANSWER:**

**INTERROGATORY 2.**      State the amount you seek for each category of damages you claim in this lawsuit. Examples of such categories include, but are not limited to: damages concerning real property; damages concerning personal property (including vehicles); damages concerning emotional distress, humiliation, and pain and suffering; damages concerning well water supply; relocation damages; and punitive damages.

**ANSWER:**

**INTERROGATORY 3.**     State the full street address for each and every piece of real property that you contend has been impacted by any actions or omissions of the Defendants and the primary use of the property, whether for residential, business, and/or farming.

**ANSWER:**

**INTERROGATORY 4.**     For each piece of property identified in response to Interrogatory No. 3, identify the current owner of the property and, if different, the owner as of July 31, 2022; the date on which the property was acquired and how the property was acquired (whether through gift, purchase, etc.); and the amount paid for the property if purchased.

**ANSWER:**

**INTERROGATORY 5.**     For each piece of property identified in response to Interrogatory No. 3, identify the types of structures and/or improvements located on the property at the time of the flood event described in the Complaint, the cost of such structures and/or improvement(s), the age of any such structure(s) and/or improvement(s), and the person/entity who built/installed/purchased the structure(s) and/or improvement(s).

**ANSWER:**

**INTERROGATORY 6.**     For each property identified in response to Interrogatory No. 3, to the extent you are claiming damages as a result of physical damage to the property:

    1) Describe in detail the damage alleged to the property and/or any structure/improvement located on the property;

    2) State specifically the height of any flood waters that you claim to have infiltrated any structure/improvement located on the property;

3) Describe in detail any repairs or cleanup performed with respect to the property and/or any structure/improvement on the property or whether you contend that the property/structure/improvement was damaged beyond repair; and

4) Describe whether you were displaced from the property/structure/improvement for any period of time and, if so, state the date on which you left the property/structure/improvement; the date on which you returned to the property/structure/improvement; identify the location, including the address and the name of the owner, of any property you utilized during the displacement; and the precise amount of any expense you claim to have incurred as a result of the displacement.

**ANSWER:**

**INTERROGATORY 7.**        For each property identified in response to Interrogatory No. 3, state the names of every individual residing on the property currently as well as the time of the flood event described in the Complaint as well as their age and relationship to you; whether the property is currently vacant; and, if so, how long the property has been vacant and the reason for the vacancy.

**ANSWER:**

**INTERROGATORY 8.**        For each property identified in response to Interrogatory No. 3, state whether any such property or structure/improvement on the property was utilized as a rental property and, if so, identify the type of structure utilized for rental property and the purpose of the rental, whether for residential, business, or other use; each and every tenant of the property for the ten (10) years preceding the flood event described in the Complaint; the dates of occupancy for each tenant; and the amount of rent paid by each tenant.

**ANSWER:**

**INTERROGATORY 9.**    State whether any property identified in response to Interrogatory No. 3 has ever been appraised and, if so, provide the date of the appraisal, the name of the person or entity performing the appraisal, the reason for the appraisal, and the amount of the appraisal.

**ANSWER:**


**INTERROGATORY 10.**    Identify with specificity all items of personal property that you contend were lost or damaged as a result of any action or omission of the Defendants, stating the date on which the item was purchased, the claimed value of the item, and whether any repairs were performed on the item or whether you contend that the item was damaged beyond repair.

**ANSWER:**


**INTERROGATORY 11.**    For each property identified in response to Interrogatory No. 3, state whether the source of water for any such property was well water and, if so, identify:

1) Whether you are claiming destruction, interruption, or pollution of any such well as part of this lawsuit;

2) When each well at issue was put in and the name of the individual and/or entity involved in putting in the well as well as the cost for putting in the well;

3) The type of filtering system utilized with each well;

4) Whether the well is still being utilized and, if not, when use of the well ceased and the reason that you ceased use of the well;

5) Whether any attempts were made to make the well usable again, describing the specific efforts made and if no efforts were made, describing why no such efforts were made;

6) What your current water source is and the number of days you contend that you were without usable water for the property;

7) The way in which you contend the well was destroyed, interrupted and/or polluted, the specific pollutant you contend infiltrated the well, and how you determined the nature of the pollutant and how it infiltrated the well; and

8) Whether any testing was done of the well prior to the flood event described in the Complaint to determine whether pollutants were present and, if so, the date on which the testing was performed, the identity of the individual/entity performing the testing, and the results of the testing.

**ANSWER:**

**INTERROGATORY 12.**   To the extent you seek damages for emotional distress, humiliation, and/or pain and suffering, describe with specificity all facts which you contend support such a claim for damages; any treatment or counseling you have received following the flooding event, identifying specifically the service providers involved in any such treatment/counseling and the dates on which treatment/counseling was provided; and any treatment/counseling you were receiving prior to the flood event at issue for any mental and/or emotional disorders and/or conditions, identifying specifically the service providers involved in any such treatment/counseling and the dates of any such treatment/counseling.

**ANSWER:**

**INTERROGATORY 13.**   To the extent you seek damages in connection with relocation following the flood event at issue in the Complaint, identify specifically the address of the property to which you have relocated; the date on which you relocated; the cost you contend you've incurred as a result of that relocation; and the owner of the property to which you've relocated along with their contact information.

**ANSWER:**

**INTERROGATORY 14.**    To the extent you are seeking any type of business loss damages, lost income, or lost profits as a result of any action and/or omission of the Defendants, state specifically the nature of any business you contend suffered a loss; the nature of the loss you contend has been suffered; the amount of loss you are alleging; and provide the specific calculations utilized to determine the claimed loss.

**ANSWER:**

**INTERROGATORY 15.**    To the extent you are seeking any other type of damage as a result of the events alleged in the Complaint, state the precise basis for any such claim; identify all facts and circumstances underlying your claim; and provide the specific calculation utilized to determine the claimed loss.

**ANSWER:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1.**    Produce all documents identified, relied upon, referenced, or otherwise used in answering these Discovery Requests.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2.**    Produce all documents or communications concerning in any way the damages you claim as part of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3.**    Produce all documents evidencing ownership of the properties identified in response to Interrogatory No. 3 including, but not limited to, the deed to any subject property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4.**    Produce all documents evidencing any other interest held in the properties identified in response to Interrogatory No. 3 including, but not limited to, any lease agreement you may have held on the property at the time of the events alleged in the Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5.**    Produce all documents and communications concerning the purchase of any property identified in response to Interrogatory No. 3.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6.**    Produce all documents and communications concerning the construction of any structure and/or improvement on any piece of property identified in response to Interrogatory No. 3.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7.**    Produce all appraisal reports for any properties identified in response to Interrogatory No. 3 whether issued prior to or following the flood event alleged in the Complaint.

11

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8.**   Produce all documents and communications concerning the value of any real or personal property at issue in this lawsuit both prior to and following the flood event alleged in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9.**   Produce all documents and communications concerning any diminution in the value of any real or personal property claimed as part of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10.**   Produce all receipts demonstrating any repairs to any real or personal property at issue in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11.**   Produce all receipts demonstrating the cost of replacement of any property at issue in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12.**   Produce all documents and communications evidencing the residency of any individual you claim was residing on any property identified in response to Interrogatory No. 3 at the time of the flood event alleged in the Complaint.

**RESPONSE:**

12

**REQUEST FOR PRODUCTION NO. 13.** To the extent any property identified in response to Interrogatory No. 3 was being utilized as rental property at the time of the flood event alleged in the Complaint, provide all leases issued on the property for the previous ten (10) years as well as all documents evidencing the rental income received on such property during that time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14.** To the extent you are claiming destruction, interruption, or pollution of well water as part of this lawsuit, produce all documents and communications related to the damages you claim have been incurred as a result of the destruction, interruption, or pollution of the well.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15.** To the extent you are seeking damages for emotional distress, humiliation, and/or pain and suffering, produce all documents and communications concerning your claim for such damages.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16.** To the extent you are seeking damages for emotional distress, humiliation, and/or pain and suffering, produce all documents and communications concerning any treatment or counseling you have received following the flood event alleged in your Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17.** To the extent you are seeking damages for emotional distress, humiliation, and/or pain and suffering, produce all documents and communications concerning any treatment or counseling received in connection with any mental or emotional condition or disorder prior to the flood event alleged in the Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18.** To the extent you are claiming business loss, lost income, or lost profits as part of this lawsuit, provide a copy of your personal and business State and Federal tax returns for the year 2015 through the date of any trial of this matter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19.** To the extent you are claiming business loss, lost income, or lost profits as part of this lawsuit, provide a copy of all financial statements, whether audited or unaudited, compiled in connection with any business to which your claim relates, from 2015 through the day of any trial of this matter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20.** To the extent you are claiming business loss, lost income, or lost profits as part of this lawsuit, provide all communications and documents related to any such claimed losses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21.**   To the extent you are claiming damages in connection with relocation following the flood event at issue in the Complaint, produce all documents and communications related to any expense you claim to have incurred as a result of relocation.

**RESPONSE:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1.**   Admit that you are not seeking any damages for physical bodily injuries in this lawsuit.

**RESPONSE:**

Respectfully submitted,

*/s/ Grahmn N. Morgan*
Grahmn N. Morgan (KBA #89219)
Kristeena L. Johnson (KBA #94994)
DINSMORE & SHOHL LLP
100 W. Main St., Suite 900
Lexington, KY 40507
T: (859) 425-1000
F: (859) 425-1099
grahmn.morgan@dinsmore.com
kristeena.johnson@dinsmore.com

and

R. Clay Larkin
Dentons Bingham Greenebaum LLP
300 West Vine Street, Suite 1200
Lexington, KY 40507
T: (859) 231-8500
clay.larkin@dentons.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing was served by electronic mail and U.S. mail on December 22, 2022 to the following:

Ned Pillersdorf
PILLERSDORF LAW OFFICES
124 W. Court St.
Prestonsburg, KY 41653
T: (606) 886-6090
pillersn@gmail.com
*Counsel for Plaintiffs*

*/s/ Grahmn N. Morgan*
*Counsel for Defendants*

27501179.1

16