

DINSMORE & SHOHL LLP
City Center, 100 E. Main St., Suite 900
Lexington, KY 40507
www.dinsmore.com

Kristeena L. Johnson
(859) 425-1032 (direct) · (859) 425-1099 (fax)
kristeena.johnson@dinsmore.com

November 27, 2023

**VIA EMAIL**
Ned Pillersdorf
Pillersdorf Law offices
124 West Court Street
Prestonsburg, Kentucky 41653
pillersn@gmail.com

Darrell A. Herald
P.O. Box 744
Jackson, Kentucky 41339
dah41339@yahoo.com

      Re:    *Baker, et al. v. Blackhawk Mining, LLC, et al.* – Conference Call with Judge Stinnett Regarding Unproduced Documents

Dear Ned and Darrel:

      This letter is in follow up to the numerous requests made during the recent depositions for the Plaintiffs in this matter to supplement their document production to fully respond to the discovery requests previously served by Defendants Pine Branch Mining, LLC ("Pine Branch") and Blackhawk Mining, LLC ("Blackhawk") (Pine Branch and Blackhawk are collectively referred to herein as "Defendants") in this case.

      The Defendants served discovery in this matter nearly a year ago on December 22, 2022. Pursuant to the Court's original Scheduling Order, written discovery was initially set to close on March 6, 2023. However, after the Plaintiffs failed to meet this deadline with full responses to the Defendants' discovery requests, the Defendants agreed to jointly request that the Court extend the deadline for the Plaintiffs to respond until May 4, 2023, which the Court granted. [DE 37]. After the expiration of the May 4th deadline, the Plaintiffs again moved the Court for an additional 45 day extension to respond to discovery, through June 20, 2023, which the Court again granted. [DE 49]. On June 21, 2023, Defendants wrote the Plaintiffs, outlining the substantial amount of written discovery that remained outstanding and the Plaintiffs agreed that they would obtain and produce the requested information during the week of June 25, 2023.

November 27, 2023
Page 2

      Nevertheless, and while the Plaintiffs have, without question, had ample opportunity to fully respond to the Defendant's discovery requests in this case, it has become egregiously apparent through the recent depositions that the Plaintiffs remain out of compliance with the Court's prior Orders regarding discovery. Nearly every Plaintiff recently deposed in October testified concerning documents responsive to the Defendants' discovery requests that have not yet been produced.

      While the Defendants, in an attempt to meet and confer, made additional requests for these documents on the record during the recent depositions, the vast majority still have not been provided although the requests were made over a month ago in most cases. On November 9, 2023 I reached out again by email about the discovery issues and setting a call with the Magistrate Judge but have not heard from you further on your availability for a call.

      With the close of discovery approaching in February, and given that the Plaintiffs' lack of discovery could potentially impact the Defendants' expert disclosure deadline in January, it is imperative that these issues be resolved. We intend to reach out this week to the Magistrate Judge to set a conference on the outstanding items, which are summarized below.

**Ellen Henson:**

1. The letter Ms. Henson received advising of Plaintiff meetings at the Marie Roberts School prior to seeking out counsel for this matter. [169:13-173:11]

**Barbara Neace:**

1. Photographs of Ms. Neace's property prior to and after the flood that were not produced by Mr. Herald on October 18, 2023.[1] [92:5-24; 97:11-16]
2. Videos of Ms. Neace's property prior to and after the flood. [95:8-13]
3. Receipts for payments made to have an electric pole re-installed after the flood. [154:18-155:22]
4. All receipts for items Ms. Neace purchased with FEMA proceeds. [169:18-174:14]

**Bridgette Fugate:**

1. Photographs of the brick house on Ms. Fugate's property prior to the flood. [27:18-28:1]
2. Paperwork relating to Chris Friley's (Breathitt County Emergency Management) condemnation of the brick house on Mrs. Fugate's property after the flood as well as any other documents related to its demolition. [88:9-89:17]
3. Receipts and other documents related to the construction of Ms. Fugate's new home following the flood. [100:3-101:12]
4. Documentation related to the SBA loan Ms. Fugate received following the flood. [100:3-101:12]
5. Documents provided to FEMA through its online portal, including deeds, estimates for repairs and receipts. [98:17-99:14]

---

[1] A number of photos that Ms. Neace showed me on her phone during the deposition were not included in the October 18, 2023 production.

6. Documentation relating to the loan Ms. Fugate and her husband Michael Fugate received for the mobile home on Ms. Fugate's property prior to the flood which was used as a basis for calculating her claimed damages. [104:2-10]
7. Documentation relating to the insurance claim made on the mobile home following the flood. [104:21-105:11]
8. Copies of titles to the 2008 mobile home, the 2007 Chevrolet 4x4 crew cab truck, the 2010 Toyota Camry, and, if applicable, the Yamaha 4 wheeler, for which Ms. Fugate seeks damages. [31:22-32:2; 113:5-114:3]; [116:5-20]; [130:10-17]
9. All communications (text, i-message, social media, letters, etc.) with others about a meeting regarding the flood. [152:23-153:13]

### Cassandra Scotland:

1. All medical records relating to Ms. Scotland's claim for emotional distress, including records related to her treatment by Dr. Sandy Kaye and Dr. George Chaney. [88:14-90:25]
2. The lease agreement between Ms. Scotland and Kentucky River Properties. [114:9-115:9]

### Shelvin White:

1. All receipts relating to post-flood repair costs. [112:20-114:18]

### Faye White:

1. All documentation related to the demolition of the home on Ms. White's property following the flood. [69:2-70:9]

### Greta and Richard White:

1. Titles to all vehicles for which the Whites are seeking damages. [G. White 70:11-22; R. White 19:15-20:3]
2. All pages for Exhibit 5 to Ms. White's Deposition ("Market Valuation Report Prepared for Liberty Mutual Insurance Company). [G. White 75:14-76:1]
3. Documentation relating to post-flood repair costs, including fence repairs. [G. White 92:13-93:22; R. White 39:11-21]
4. Photographs of post-flood repairs. [G. White 94:14-95:9]
5. Video (approximately 10 years old) of mud in streams flowing from Mullins Hollow into River Caney. [R. White 69:7-70:21]

### Benjamin Craft:

1. Photographs identified by Mr. Craft which have not previously been produced, including those provided to FEMA. [66:8-67:21]
2. All documents, including bank statements, reflecting expenditures for claimed repair and replacement costs. [48:25-49:24]

### Brown and Brenda Strong:

1. Documents including receipts, demonstrating ongoing repair and replacement costs incurred since Mr. and Mrs. Strong produced receipts in May 2023. [Brenda Strong 47:16-19]

### Johnny E. Mullins and Diana Ortela:

1. Deed to the real property claimed to be owned by Mr. Mullins and Ms. Ortela [J. Mullins 16:6-16; 88:6-15]

2. Certificates of title to Mr. Mullins' mobile home, Ms. Ortela's mobile home, Mr. Mullins' damaged semi-truck, Mr. Mullins' damaged motorcycles (including but not limited to his Honda Gold Wing motorcycle), Mr. Mullins' Winnebago RV, Mr. Mullins' damaged 2004 Chevy Trailblazer, Mr. Mullins' 530 Case backhoe (if applicable), Mr. Mullins' damaged Arctic Cat, and Ms. Ortela's 2006 Honda Odyssey. [J. Mullins 72:23-73:2; 76:4-25; 77:9-78:15; 78:24-79:5; 81:12-22; 84:7-11; 88:16-89:22; 106:22-107:7; 107:11-19; D. Ortela 13:19-20]
3. Ms. Ortela's receipts relating to repair and replacement costs, including those for clothing and furniture. [D. Ortela 24:22-25:5; 29:12-14]
4. Ms. Ortela's photographs demonstrating flood damage, including but not limited to, those provided to FEMA. [D. Ortela 21:25-22:2; 29:12-14]

**Lester Baker:**

1. Receipts relating to ongoing post-flood repairs that were not previously produced in July 2023. [91:25-92:9]
2. Documentation of social security disability status and payments. [17:19-20:19]
3. Certificates of title to Mr. Baker's 2008 Chevrolet Silverado, 1972 Chevrolet C10, and 2014 Chevrolet Cruze. [54:14-16; 55:15-18; 80:7-12]

**Burley and Denita White:**

1. Pre-flood photographs of Mr. and Mrs. White's mobile home, including but not limited to, those that show the 2016-2017 addition to the mobile home. [B. White 38:6-16]
2. Certificate of title to Mr. and Mrs. White's mobile home, as well as any deed to their property, to the extent they now maintain that they owned the property. [B. White 7:19-8:4; 24:16-24]
3. Photographs of Mr. and Mrs. White's mobile home purchased after the flood. [B. White 88:7-18]
4. Any additional flood-related photographs, videos, and communications that were not produced by Mr. Herald after Mr. and Mrs. White's deposition on October 30, 2023. [B. White 67:25-71:21; D. White 16:10-17:11]
5. Certificate of title for Mr. and Mrs. White's 2014 Dodge Caravan. [B. White 76:13-15; D. White 50:14-16]

**Melvin Rupert:**

1. Kentucky Farm Bureau insurance policy for Mr. Rupert's mobile home and documents relating to the post-flood claim, including insurance checks, on this policy. [29:1-17; 79:22-80:2]
2. Photographs relating to flood damage that have not been previously produced, including those sent to Kentucky Farm Bureau in connection with Mr. Rupert's post-flood claim. [M. Rupert 30:17-31:11; D. Watts 32:17-22]

**Debbie Watts:**

1. All communications (text, i-message, social media, letters, etc.) with others regarding the flood, including those sent to Vada Mullins on the night of the flood. [27:13-28:4]
2. Documents relating to Ms. Watts' FEMA claim other than the application which has already been produced, including but not limited to, any photographs submitted to FEMA and any FEMA award letters. [54:3-15]

November 27, 2023
Page 5

---

**Adam and Megan White:**

1. Comprehensive responses to Defendants' discovery requests. As noted on the record, Mr. and Mrs. White have produced only one set of written "responses" to discovery through a form created by the Plaintiffs, and have not submitted any written responses to the specific interrogatories posed by the Defendants nor have they produced any documents. [A. White 57:4-58:5]
2. Certificates of title to Mr. and Mrs. White's mobile home, 2014 Chevrolet Silverado, 420 Ranger boat, and (if applicable) Polaris Ranger. [A. White 54:17-55:12, 80:4-7, 87:21-88:24, 91:3-93:14; M. White 55:11-15, 59:2-16, 66:19-67:15, 76:2-25]
3. All documents relating to the 21st Century loan for Mr. and Mrs. White's mobile home. [A. White 28:1-11; M. White 55:1-56:9]
4. All documents relating to the Kentucky Farm Bureau insurance policy held on Mr. and Mrs. White's mobile home, including but not limited to the policy, and post-flood claim documents. [A. White 29:6-30:21, 79:3-21; M. White 56:10-57:17]
5. All documents relating to Kentucky Farm Bureau insurance policy held on Mr. White's 420 Ranger boat, including but not limited to the policy and post-flood claim documents. [A. White 91:7-93:22; M. White 75:24-78:6]
6. All documents relating to insurance on the 2014 Chevrolet Silverado, including but not limited to the policy and post-flood claim documents. [A. White 78:13-79:2, 88:25-89:11; M. White 59:2-24]
7. All documents related to any repairs or estimates for repairs. [A. White 73:9-77:13, 95:11-96:21; M. White 63:1-14]
8. Pre-flood and post-flood photographs of Mr. and Mrs. White's mobile home. [A. White 55:3-56:2, 71:9-23; M. White 63:1-14]
9. Pre-flood and post-flood photographs of the Polaris Ranger. [A. White 80:4-10]
10. All documents relating to Mr. and Mrs. White's FEMA claim, including but not limited to their FEMA application and award letter. [A. White 82:20-84:1; M. White 60:23-62:9]
11. All documents relating to Mr. and Mrs. White's Red Cross claim. [M. White 62:10-63:14]
12. A copy of the binder in which Mrs. White keeps her flood related documentation. [M. White 58:5-21, 64:22-65:19]

In addition to the above identified issues, on November 16, 2023 I also sent a request that you provide the remainder of the chain of text messages previously produced by Aaron White as well as any email communications between Mr. White and any individual he claims has a connection with either of the Defendants. I again request that these items be produced.

We will advise on the Magistrate Judge's availability for a conference.

Sincerely,

Kristeena L. Johnson