**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**
**CASE NO. 5:22-cv-231-DCR**

| | |
|---|---|
| **EUGENE BAKER, et al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BLACKHAWK MINING, LLC, and** | ) |
| **PINE BRANCH MINING, LLC** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS WITH**
**PREJUDICE FOR FAILURE TO PARTICIPATE IN DISCOVERY**
**\*\*\*\*\*\*\*\*\*\***

Defendants Blackhawk Mining, LLC ("Blackhawk") and Pine Branch Mining, LLC ("Pine Branch"), by and through counsel, and for their Reply in Support of their Motion to Dismiss with Prejudice for Failure to Participate in Discovery ("Motion"), state as follows:[1]

Defendants' Motion sets forth comprehensive legal and factual grounds for dismissal of the following Plaintiffs pursuant Federal Rules of Civil Procedure 37, 41, 25, and/or 17, respectively:

1. Cesar Henson
2. Martin Moore
3. Whittney Moore
4. Johnny Mullins
5. Teresa Mullins
6. Tabitha Patrick
7. Dana Watts
8. Tammy White
9. James Henson

---

[1] Blackhawk filed a separate Motion for Summary Judgment on All Claims Asserted Against Blackhawk Mining, LLC. (DE 143). Plaintiffs did not respond to this motion and it is, therefore, uncontested. While Blackhawk and Pine Branch are collectively referred to herein as "Defendants" for purposes of the Motion at issue (filed by both Defendants), Blackhawk maintains that it has no role in this case and would request that the Court grant its separate motion for the reasons set forth in DE 143.

1

      10. Clarissa Mullins
      11. Bridgette Fugate
      12. Diana Ortela
      13. Burley White
      14. Denita White
      15. Debbie Watts
      16. Adam White
      17. Megan White[2]
      18. Amy Dryden
      19. Bruce Dryden
      20. Harold Ray White
      21. Matthew White
      22. Rose White

(DE 144). Nothing set forth in the Plaintiffs' Response to the Motion ("Response") negates the conclusion reached in the Motion that dismissal is the appropriate sanction for these Plaintiffs' failure to properly participate in discovery.

      Notably, Plaintiffs' Response does not even contest that of these 23 individuals, the following 13 have in fact failed to meet their discovery obligations and dismissal of their claims with prejudice is thus warranted:

      1. Cesar Henson
      2. Martin Moore
      3. Whittney Moore
      4. Johnny Mullins
      5. Teresa Mullins
      6. Tabitha Patrick
      7. Dana Watts
      8. Tammy White
      9. James Henson
      10. Clarissa Mullins
      11. Harold Ray White
      12. Matthew White
      13. Rose White

---

[2] Plaintiffs' Response indicates that there is only one "Megan White" joined to this action although two are listed in the case caption. Defendants' Motion requested dismissal of both "Megan Whites" to the extent there were two different Plaintiffs with that name.

As for the final 9 Plaintiffs (Bridgette Fugate, Diana Ortela, Burley White, Denita White, Debbie Watts, Adam White, Megan White, Amy Dryden, and Bruce Dryden), the information presented by Plaintiffs' counsel in an attempt to explain away their dilatory conduct is not sufficient to excuse their failure to follow the rules and orders of this Court.  As such, their claims should be dismissed with prejudice as well.

I.   **Plaintiffs Do Not Dispute that Cesar Henson, Martin Moore, Whittney Moore, Johnny Mullins, Teresa Mullins, Tabitha Patrick, Dana Watts, Tammy White, James Henson, Clarissa Mullins, Harold Ray White, Matthew White, and Rose White Should Be Dismissed.**

With respect to the Plaintiffs who have failed to provide written discovery responses (Cesar Henson, Martin Moore, Whittney Moore, Johnny Mullins, Teresa Mullins, Tabitha Patrick, Dana Watts, Tammy White, James Henson, and Clarissa Mullins),[3] Plaintiffs' counsel does not dispute that dismissal is appropriate. *See* (DE 146, p. 2) (admitting that "some Plaintiffs failed to respond" to their efforts to obtain discovery responses). Plaintiffs' counsel likewise concedes that Harold Ray White failed to appear for his noticed depositions despite letters from counsel. Finally, there is no dispute that neither an administrator nor executor has been appointed for Matthew White's estate (which has never been opened) and no guardian has been appointed for Rose White, and that the failure to take these actions is opposed to the Civil Rules and evidences a failure to prosecute. (DE 146, p. 3). As a result, the claims of these thirteen Plaintiffs should, without

---

[3] Plaintiff "Megan White" was originally included in this group of Plaintiffs as well, given that two individuals named "Megan White" were named in the Third Amended Complaint. The only discovery received from anyone with that name consisted of only a form created by Plaintiffs' counsel encapsulating some, but not all, discovery requests propounded, a list of items claimed to be damaged, and a sheet of paper listing an address. (Megan and Adam White Discovery, Ex. 1). No other documents or discovery have been produced by anyone named "Megan White." Thus Defendants believed that one "Megan White" had failed to respond at all to discovery and the other had produced woefully deficient responses. Plaintiffs clarified in their Response that there is only one Megan White, who produced the items attached hereto. As set forth herein, these responses fail to conform to the Civil Rules and this Court's prior Orders and dismissal of Mrs. White's claims is nevertheless warranted.

question, be dismissed pursuant to Federal Rules of Civil Procedure 37, 41, 25, and 17, respectively.

> II. **Dismissal with Prejudice, rather than Limitation of Evidence, is the Appropriate Sanction for Plaintiffs Bridgette Fugate, Diana Ortela, Burley White, Denita White, Debbie Watts, Adam White and Megan White.**

Plaintiffs contest dismissal of Bridgette Fugate, Diana Ortela, Burley White, Denita White, Debbie Watts, Adam White and Megan White, i.e., the seven Plaintiffs who failed to comply with Magistrate Judge Stinnett's December 5, 2023 Minute Order requiring them to produce relevant documents. (DE 146, p. 2). Counsel does not dispute that these Plaintiffs violated Judge Stinnett's Order but contends that the Court should simply preclude the introduction of the evidence not produced at trial pursuant to Fed. Rule of Civ. P. 37(b)(2)(A)(ii). However, as counsel admits, there is no dispute that "[t]hese documents would have related to damages" the Plaintiffs are claiming. Because the Plaintiffs have impermissibly withheld these admittedly relevant documents, the Defendants are prejudiced in their ability to investigate and defend against those damages claims, making dismissal the appropriate sanction, not mere exclusion of evidence.

Under the scenario suggested by the Plaintiffs, these individuals would essentially be able to testify at trial that they incurred hundreds of thousands of dollars in damages while at the same time forestalling the Defendants' ability to cross-examine those claims based on documents they contend support them. For instance, Bridgette Fugate testified during her deposition that the amount in damages she is claiming for a mobile home that washed away during the flood was calculated based on certain loan documents. (B. Fugate Deposition at 104:2-105:11, Ex. 2). Yet, those documents have never been produced such that the amount claimed cannot be verified. Similarly, Diana Ortela testified that she has receipts related to repair and replacement of items damaged during the flood that have not been produced. (D. Ortela Deposition at 24:22-25:5, Ex.

4

2). Still other missing documents from these and the other Plaintiffs identified include photographs of the property claimed to be damaged (before and after the flood), proof of ownership of the property claimed to be damaged, and documentation related to these Plaintiffs' decision to demolish and dispose of structures they claim damages for during the pendency of this action. (E.g., B. Fugate Deposition at 27:18-28:1, 88:9-89:17, 113:5-114:3, D. Ortela Deposition at 21:25-22:2, B. White Deposition at 37:19-38:16, Ex. 2).

Counsel for the Plaintiffs conceded during the parties' discovery conference with Magistrate Judge Stinnett that the items withheld are relevant to this action. (DE 104). The willful withholding of this information has "severely hampered Defendant[s'] ability to obtain the discovery necessary to defend this action." *Messer v. Quality Care*, Civil No. 3:19-cv-00019-GFVT-EBA, 2021 U.S. Dist. LEXIS 232168, at *3 (E.D. Ky. April 12, 2021).

As far as the two Plaintiffs that counsel claims "substantially" complied with discovery obligations (Adam and Megan White), such is not the case. Exhibit 1 hereto includes the only two documents produced in response to the Defendants' document requests, consisting of an emailed list of items claimed to have been damaged and a sheet of paper providing an address. Although the Whites testified at their depositions that they have access to items like certificates of title to their mobile home that was allegedly damaged and other items they are making claims for, insurance policies and claims that would provide values for the items claimed to be damaged, and photographs of property claimed to be damaged, none of these items have been produced. (A. White Deposition at 29:12-30:4, 54:17-55:22, 78:5-80:16, 88:8-89:15, 91:7-93:24, M. White Deposition at 55:11-15, 56:14-17, 63:1-14, Ex. 2).[4] Mrs. White also testified that these flood-

---

[4] The "form" interrogatory document provided by the Whites also provides that they have the following documents which they intend to "send later," although no such items have ever been produced: "photos and videos you may have of the damage done to your property and or the flooding"; "copies of all insurance policies and declaration pages

related documents and others are kept in a readily accessible binder.  (M. White Deposition at 58:5-21, 65:10-19, Ex. 2). In other words, even though compliance with discovery is as simple as turning over an already compiled binder full of responsive documents,[5] the Whites are simply refusing to do so.   Indeed, Plaintiffs' counsel previously acknowledged Adam and Megan White's particular deficiencies in the Compliance Lists sent to Magistrate Judge Stinnett and Defendants on December 5 and December 15, 2023, respectively, which note that these Plaintiffs "[h]ave not complied with hardly anything."[6] (DE 144-6, p. 3; December 5, 2023 Email with Compliance List, Ex. 3). They still have not.

Defendants respectfully submit that dismissal is the appropriate sanction in this case for these Plaintiffs' conduct. The Court provided Plaintiffs an extensive period to produce all documents responsive to Defendants' written discovery requests. (DE 15; DE 37; DE 49). That period concluded on June 20, 2023. (DE 49). When full and complete discovery responses were not forthcoming as of that date, Defendants sought to hold a conference with Magistrate Judge Stinnett, which was tabled on June 26, 2023, after Plaintiffs' counsel indicated that Plaintiffs would produce all outstanding information. (DE 144-2; DE 144-3).

Despite these representations, the seven Plaintiffs at issue identified substantial responsive items during their depositions that they had not produced. (DE 104). Defendants sought relief from

---

applicable to any piece of property you contend was damaged"; "documents and communications related to any insurance claims with respect to any damages resulting from the flood event"; "documents and communications concerning any application to and/or any award by any state, federal, or local agency or other organization for aid or assistance as a result of the flood event"; "copies of all social medial posts which you have authored concerning the flood, this lawsuit, or related matters"; "documentation of the height of flood water on the property during the event"; "documents concerning the construction of any structure and/or improvement on property"; "documents showing value of any real or personal property damaged"; "documents proving residency of the individuals living on the property at the time of the flood"; and "documents relating to relocation cost due to the flood." (Exhibit 1).
[5] While counsel reasserted the request for these items during their depositions, contrary to the representation in the Plaintiffs' Response, this was not the first time that these items were requested from the Whites. Each falls within the scope of Defendants' written discovery requests. (DE 144-1; DE 144-4, p. 5).
[6] In the December 5, 2023 Compliance List sent to Magistrate Judge Stinnett, Plaintiffs' counsel even highlighted Adam and Megan White's names in red and noted that they should be "Drop[ped] from Lawsuit". (December 5, 2023 Email with Compliance List, Ex. 3)

Magistrate Judge Stinnett, who directed these Plaintiffs (among others) to produce the relevant documents by December 19, 2023. (Id.). Certain Plaintiffs (who are not at issue in this Motion) complied with Magistrate Judge Stinnett's Order, but the seven noted above did not. These points all are indicative of contumacious conduct that warrants dismissal.

Further, Defendants have been prejudiced because: (a) they have been required to spend time and money to seek full discovery from these Plaintiffs; and (b) the documents at issue are significant to Defendants' defense in this matter since they relate to the properties damaged in the flood event and/or Plaintiffs' impressions of flooding and flood damage.

Finally, these Plaintiffs had been on notice that their claims may be dismissed if they fail to respond to discovery requests since, at least, February 22, 2023. (DE 144-14). Plaintiffs' counsel reiterated this point during the December 2023 conference with Magistrate Judge Stinnett. The Court has also warned that dismissal is a possible sanction for non-participating Plaintiffs. (DE 54; DE 56; *see also* DE 100).

For these reasons, and all others stated in Defendants' Motion (DE 144), Defendants maintain that Plaintiffs Bridgette Fugate, Diana Ortela, Burley White, Denita White, Debbie Watts, Adam White and Megan White should be dismissed from this action pursuant to Rules 37 and 41. These Plaintiffs' dilatory and "stubbornly disobedient" behavior evidences a "reckless disregard for the effect of [Plaintiffs'] conduct on [these judicial] proceedings" as well as the Court's Orders, warranting dismissal. *Carpenter v. Cty. of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

### III. Plaintiffs Amy and Bruce Dryden have Engaged in Contumacious Conduct for which Dismissal with Prejudice is an Appropriate Sanction.

Finally, Plaintiffs contest dismissal of Amy and Bruce Dryden. They do not dispute (or even address) the Drydens' attempts to prevent Defendants from inspecting their property from a

public roadway even though Plaintiffs' counsel agreed to this inspection and it was formally noticed beforehand. (DE 126). Instead they focus only on the circumstances surrounding Amy Dryden's failure to appear for depositions. (DE 146, pp. 2-3).

However, Defendants noticed and then re-noticed Mrs. Dryden's deposition on *four separate occasions*. (DE 80; DE 101; DE 107; and DE 121). Counsel for Defendants were required to travel for the deposition that was initially noticed for October 31, 2023, only to learn that it had "slipped her mind" due to her *husband's* illness after arriving for the deposition. (DE 89; DE 91). Defendants diligently rescheduled the deposition three more times, emphasizing that it needed to be taken prior to the upcoming close of discovery, but Mrs. Dryden did not appear although her counsel advised that the re-noticed dates were acceptable. (DE 144-10, pp. 1-2; *see also* DE 69, p. 4 (setting a February 12, 2024 close of discovery deadline)). While Defendants understand that circumstances can justify the need to reschedule a deposition, hence their willingness to reschedule Mrs. Dryden's on three occasions after she initially failed to appear, it is clear here that Mrs. Dryden has made no real effort to fulfill her most basic of duties as a plaintiff to appear for deposition. E.g., *Moore v. Erickson*, No. 22-2134, 2023 U.S. App. LEXIS 26639, at *10 (6th Cir. Oct. 5, 2023) (unpublished).

Plaintiffs' Response does nothing to alter this conclusion. It does not even indicate remorse by Amy and Bruce Dryden for failing to accommodate a duly-noticed inspection of their property or failing to submit to a deposition within the time for discovery. For these reasons and all others set forth in DE 144, Defendants request that Amy and Bruce Dryden be dismissed pursuant to Rules 37 and 41.

## **CONCLUSION**

WHEREFORE, for the above stated reasons and all others set forth in Defendants' Motion (DE 144), Defendants respectfully request that the Court grant Defendants' Motion to Dismiss

with Prejudice for Failure to Participate in Discovery, dismissing, with prejudice, the claims of the identified Plaintiffs.

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Grahmn N. Morgan*
Grahmn N. Morgan (KBA #89219)
Kristeena L. Johnson (KBA #94994)
James M. McClure (KBA #99580)
DINSMORE & SHOHL LLP
100 W. Main St., Suite 900
Lexington, KY 40507
T: (859) 425-1000
F: (859) 425-1099
grahmn.morgan@dinsmore.com
kristeena.johnson@dinsmore.com
mac.mcclure@dinsmore.com

Ashley L. Pack (KBA #89013)
707 Virginia St. E, Suite 1300
Charleston, WV 25301
T: (304) 357-0900
F: (304) 357-0919
ashley.pack@dinsmore.com

and

R. Clay Larkin
Dentons Bingham Greenebaum LLP
300 West Vine Street, Suite 1200
Lexington, KY 40507
T: (859) 231-8500
clay.larkin@dentons.com
*Counsel for Defendants*

</div>

## CERTIFICATE OF SERVICE

This is to certify that I electronically served and filed the foregoing with the Clerk of the Court using the CM/ECF system on this 15th day of April, 2024, which will give notice to all parties of record.

<div style="margin-left:40%">

*/s/ Grahmn N. Morgan*
*Counsel for Defendants*

</div>