UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EUGENE BAKER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 22-231-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BLACKHAWK MINING, LLC, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendants Blackhawk Mining, LLC, and Pine Branch Mining, LLC ("the Mining Companies") have moved to dismiss certain plaintiffs from this litigation. [Record No. 144] The defendant's motion will be granted for the following reasons.

**I.**

The Court issued an Order on June 9, 2023, directing certain plaintiffs to comply with outstanding requests after the discovery period ended. [Record No. 54] In addition to this directive and following a conference with the parties, United States Magistrate Judge Matthew Stinnett ordered a separate group of plaintiffs to produce responsive documents and other items necessary for trial preparation on December 5, 2023. [Record No. 104] However, the Mining Companies contend that the plaintiffs subject to these orders did not comply. They also argue that additional plaintiffs failed have failed to appear for scheduled depositions or have become incapacitated, necessitating the dismissal of their claims.

When a party fails to comply with a judicial order or otherwise fails to advance a case, a court may dismiss his or her claims for failure to prosecute pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure. Courts consider the following factors in determining if a case or claim should be dismissed under Rule 41(b): (1) whether the party's failure was due to willfulness, bad faith, or fault; (2) whether the adversary suffered prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)).

Further, Rule 37 of the Federal Rules of Civil Procedure provides that a party may be sanctioned for failing to serve responses to written discovery requests and for failing to appear at a properly noticed deposition. It states:

> (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A).

As a general matter, available remedies include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 37(b)(2)(A)(v). But ultimately, the trial court maintains discretion to determine the appropriate sanction. *See Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (noting, for example, that dismissal of claims for failure to prosecute is a tool available to the district court to manage its docket and avoid unnecessary burdens on the court).

## II.

### A.  Failure to Participate in Discovery

Plaintiffs Cesar Henson, Martin Moore, Whittney Moore, Johnny Mullins, Teresa Mullins, Tabitha Patrick, Dana Watts, and Tammy White have failed to comply with a judicial order directing them to participate in discovery or risk dismissal of their claims.  [Record No. 54]  The Court warned the listed plaintiffs on June 9, 2023, that "[f]ailure to comply with the directive" ordering a response to all outstanding discovery requests issued more than a year prior "[would] result in [their] claims being dismissed without prejudice for failure to prosecute."  *Id*.  However, none of these plaintiffs has provided any written discovery responses to date.  Two additional plaintiffs who were not subject to the Order (James Henson and Clarissa Mullins) likewise have not provided any written responses.

 Pursuant to Rule 40(b), dismissal is appropriate when a party fails to prosecute his or her claims.  *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)) ("Dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future.").  Application of the factors detailed by the Sixth Circuit in *Rogers* confirms that dismissal is appropriate for these plaintiffs.

First, the plaintiffs have been given multiple opportunities to produce discovery responses.  The Court granted several deadline extensions and expressly directed them to comply with the defendant's discovery requests.  But instead of complying, their dilatory behavior evidences a "reckless disregard for the effect of [their] conduct on [these] proceedings."  *Carpenter v. Cty. of Flint*, 723 F.3d 700, 705 (6th Cir. 2013).

Second, as a result of the plaintiffs' failures, the Mining Companies have been forced to "waste time, money, and effort in the pursuit of cooperation which [the plaintiffs] [were] legally obligated to provide." *Id*. at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). The Mining Companies are prejudiced because they are "entitled to full discovery," including complete responses to their interrogatories and requests for production "so that [they] [can] defend . . . against [Plaintiffs'] claims." *See Brewer v. Detroit Pub. Schs. Cmty. Dist.*, 2021 WL 8314815, at *3 (6th Cir. Dec. 13, 2021).

Third, the plaintiffs were given notice that failure to participate in discovery fully could result in dismissal. [Records No. 54, 56, 100] And finally, it is likely that "less drastic sanctions [than dismissal with prejudice] . . . would have no effect on [Plaintiffs'] conduct" based on the Court's repeated warnings. *Brewer*, 2021 WL 8314815, at *9. Therefore, the appropriate step is to dismiss these plaintiffs' seemingly abandoned claims in their entirety.

## B. Failure to Produce Documents

A separate group of plaintiffs failed to produce responsive documents and other items as requested in discovery. Specifically, Plaintiffs Bridgette Fugate, Diana Ortela, Burley White, Denita White, Debbie Watts, Adam White, and Megan White have substantially failed to turn over items as requested by the defendants, despite an Order from the Magistrate Judge directing them to do so before December 15, 2023. [Record Nos. 104, 146]

Counsel for the plaintiffs conceded during the parties' discovery conference with the Magistrate Judge that the withheld items are probative and relevant to this action. *Id*. The items broadly relate to the damages each of the aforementioned plaintiff claims the defendants caused to his or her property. According to the Mining Companies:

> [t]he categories of items they failed to produce include proof that they own items they claim damages for, documents and other sources of information on which they testified they relied in coming up with their damage calculations, pre- and post-flood photographs and videos of their properties that they claim has been damaged, communications related to the flood event, and receipts related to repairs and replacement following the flood.

[Record No. 144]

Although the parties agree that these plaintiffs ignored the judicial order, they differ on the appropriate sanction. Counsel for the plaintiffs argue that the Court should simply limit the use of this evidence at trial pursuant to Rule 37(b)(2)(A)(ii) of the Federal Rules of Civil Procedure. The Mining Companies, however, contend that, "[b]ecause the Plaintiffs have impermissibly withheld these admittedly relevant documents, the Defendants are prejudiced in their ability to investigate and defend against those damages claims, making dismissal the appropriate sanction." [Record No. 151]

These plaintiffs were provided with a lengthy period to produce items responsive to Mining Companies' written discovery requests that ended on June 23, 2023. [Record Nos. 15, 37, 49] Around this time, plaintiffs' counsel indicated that they would produce all outstanding items. [Record No. 144] But nearly six months later, the plaintiffs still had not produced the items, necessitating a conference with the Magistrate Judge. Nonetheless, these seven plaintiffs seemingly still refuse to provide the necessary and responsive items as requested by the defendants in preparation for trial.

A few examples are useful to probe the severity of the plaintiffs' conduct. For instance, Plaintiff Bridgette Fugate testified during her deposition that the damages she is claiming for a mobile home that washed away during flooding was calculated based on certain loan documents. *Id*. Nonetheless, those documents have not been produced and the amount

- 5 -

claimed can be verified. Similarly, Plaintiff Diana Ortela testified that she has receipts documenting the costs to repair and replace items damaged during the flood, but she has not produced them.

Two plaintiffs, Adam White and Megan White, claim that they have "substantially complied" with the Magistrate Judge's Order after they submitted an emailed list of damaged items.[1] However, both plaintiffs testified during their depositions that they have certificates of title to their allegedly damaged mobile home, insurance documents that document the values of damaged household items, and photographs of damaged property. However, none of these items have been produced.

Applying the Sixth Circuit's test in *Rogers* for determining whether dismissal under Rule 41(b) is appropriate, it is clear that the plaintiffs' failure to comply with Magistrate Judge Stinnett's Order is willful because multiple months have passed without production of the requested items. The Mining Companies have been prejudiced because they have been required to expend time and attorneys' fees seeking full discovery. Further, the outstanding documents and other items at issue are significant to the defense of the case because they relate directly to the properties damaged in the flooding event at issue. And the plaintiffs have been on notice since at least February 22, 2023, that their claims could be dismissed if they failed to respond to highly relevant discovery requests. [Record No. 144] The Magistrate Judge reiterated this point during the conference, but the plaintiffs still disregarded his warning.

---

[1]     Plaintiffs' counsel indicated that Adam and Megan White should be "[d]rop[ped] from [the] Lawsuit" in an email dated December 5, 2023. Counsel noted that they "[h]ave not complied with hardly anything." [Record No. 151-3]

If the plaintiffs' claims are allowed to proceed, the defendants emphasize that "these individuals would essentially be able to testify at trial that they incurred hundreds of thousands of dollars in damages while at the same time forestalling the Defendants' ability to cross-examine those claims based on documents they contend support them." *Id*. At this stage of the litigation, there is no appropriate and alternative sanction to avoid this scenario. Thus, the plaintiffs' contumacious conduct warrants dismissal of their claims.

### C. Failure to Appear for Deposition

The Mining Companies allege that Plaintiffs Harold Ray White and Amy Dryden failed to appear for their scheduled depositions. The parties have canceled or rescheduled the planned deposition for White and Dryden on four separate occasions. First, defense counsel traveled to Jackson, Kentucky, to depose White on October 25, 2023, and again on October 31, 2023, to depose Dryden. But both failed plaintiffs to appear. Dryden was reached by phone. She said it "slipped her mind" due to the serious illness of her husband. [Record No. 146] White did not provide a reason for his dilatory conduct. Nonetheless, counsel rescheduled the depositions for both plaintiffs on December 5, 2023. However, plaintiffs' counsel reported a scheduling conflict, and the deposition date was moved to January 16, 2024.

Based on inclement weather and the notice from plaintiffs' counsel that Dryden had been hospitalized, the depositions were rescheduled yet again to February 7, 2024, but neither plaintiff was deposed on this date. Plaintiffs' counsel notified the defendants that Dryden was too ill to be deposed the day prior. And once again, White offered no reason for his failure to appear.

Dryden also allegedly refused to permit inspection of the property that she claims was damage from the defendants' mining operations. The defendants provided advance notice of

the agreed upon inspection, but Dryden confronted the inspectors and demanded they leave her property.  In fact, Dryden demanded that the inspectors leave the area after encountering them standing in public roadway in front of her property.

Applying the *Rogers* test, the Court concludes White has acted in bad faith by failing to appear without explanation on multiple occasions.  This has undoubtedly been costly and prejudicial to the defendants.  Further, the Court concludes that White has largely abandoned any interest in pursuing his claim.  Although the Court recognizes Dryden's challenging health circumstances, her aggregated conduct has been likewise dilatory.  And there is little doubt that the defendants have been prejudiced by her refusal to participate in important parts of the case.  Dryden has provided an explanation for her failures to appear, but she obstructed the inspection of her property with the knowledge that the defendants' representatives merely sought entry to her land in response to her claimed property damage.  Her conduct violates Rules 34 and 37(d)(1)(A) of the Federal Rules of Civil Procedure.  Therefore, the claims by Plaintiffs Harold White and Amy Dryden will be dismissed.

### D.  Deceased and Incompetent Plaintiffs

The Mining Companies argue that deceased Plaintiff Matthew White should be dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.  This rule requires dismissal of a deceased plaintiff's claims if no motion for substitution is made within 90 days after service of a statement noting the death of the plaintiff and the plaintiff's claims are not extinguished.  *Viner v. United States*, 2022 WL 17573143, at *4 (E.D. Ky. Dec. 9, 2022) (dismissal required under Rule 25(a) when no motion to substitute is made within 90 days of the statement noting death).  No administrator or executor has been appointed to represent his estate for the purpose of moving his claim forward since counsel notified the defendants of his

death on September 29, 2023.  Thus, dismissal of his claim is appropriate.  *Greene v. JPMorgan Chase Bank*, *Nat'l Ass'n*, 2019 WL 5719325, at *6 n.1 (M.D. Tenn. Oct. 15, 2019) (dismissal with prejudice is appropriate where there is no motion to substitute or "any other filings indicating an intention to pursue" a deceased party's claims).

Finally, if "a party becomes incompetent while the action is pending," and if an "objection has been made that the person deemed incompetent is not the real party in interest," dismissal is appropriate if, after a reasonable time, a guardian is not appointed and substituted as the real party in interest.  *Kuelbs v. Hill*, 615 F.3d 1037, 1042-43 (8th Cir. 2010); Fed. R. Civ. P. 25(b); Fed. R. Civ. P. 17(a)(3).  The parties concede that Plaintiff Rose White is incompetent and cannot move her claim forward independently; however, no guardian has been appointed.  Her claim likewise will be dismissed.

### III.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1.      The defendants' motion to dismiss [Record No. 144] is **GRANTED**.

2.      Plaintiffs Cesar Henson, Martin Moore, Whittney Moore, Johnny Mullins, Teresa Mullins, Tabitha Patrick, Dana Watts, Tammy White, James Henson, and Clarissa Mullins are **DISMISSED** as parties to this litigation and their claims are **DISMISSED**, with prejudice, for failing to participate in discovery.

3.      Plaintiffs Bridgette Fugate, Diana Ortela, Burley White, Denita White, Debbie Watts, Adam White, and Megan White[2] are **DISMISSED** as parties to this litigation and their

---

[2]      The parties acknowledged that two individuals named Megan White were pleaded as plaintiffs.  However, this was an error because only one plaintiff with this name has been an

claims are **DISMISSED**, with prejudice, for failing to produce relevant documents and items during discovery.

4.      Plaintiffs Harold White and Amy Dryden are **DISMISSED** as parties to this litigation and their claims are **DISMISSED**, with prejudice, pursuant to Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure.

5.      Plaintiffs Matthew White and Rose White are **DISMISSED** as parties pursuant to Rule 25(a)-(b) of the Federal Rules of Civil Procedure.

Dated: April 22, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

appropriate party in this action.  Because the Court is dismissing Megan White's claims, the Clerk of Court is directed to dismiss the actual and duplicate plaintiff with this name.