UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| EUGENE BAKER, et al., | ) |
| Plaintiffs, | ) Civil Action No. 5: 22-231-DCR |
| V. | ) |
| BLACKHAWK MINING, LLC, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs allege that activities conducted on two mines located in the vicinity of River Caney in Breathitt County, Kentucky, caused or contributed to damage they sustained during the historic flooding in July 2022.[1]  As defendants, the plaintiffs named Blackhawk Mining, LLC, ("Blackhawk Mining") and its downstream subsidiary Pine Branch Mining, LLC ("Pine Branch Mining").  Blackhawk Mining has filed an unopposed motion for summary judgment, contending it cannot be held liable for an action or omission by Pine Branch Mining.[2]  The motion will be granted based on basic principles of corporate law separating the liability exposure of a downstream subsidiary from its parent entity.

---

[1] The plaintiffs each owned property in the River Caney Watershed that were damaged during the flooding event at issue.

[2] Although the plaintiffs did not file a response to Defendant Blackhawk Mining LLC's motion, the parties acknowledge the motion in their recent joint status report.  [Record No. 148]  The Court therefore construes the motion as unopposed.

**I.**

Summary judgment is appropriate when, construing the evidence in the light most favorably to the nonmovant and drawing all reasonable inferences in the nonmovant's favor, there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Boshaw v. Midland Brewing Co.*, 32 F.4th 598, 602 (6th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). When determining whether summary judgment is proper, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To avoid summary judgment, the nonmoving party must present "evidence on which the jury could reasonably find" in its favor. *See Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

**II.**

The plaintiffs allege that Blackhawk Mining is "a Kentucky mining company" that "operates in the mountains directly above where the Plaintiffs live" in Breathitt County, Kentucky. [Record No. 70] They contend that Blackhawk Mining "contracted with Pine Branch Mining" to "do blasting before and after the flood event" at issue as part of their "active strip mining operation." *Id*. The plaintiffs assert that "Defendants Blackhawk and Pine Branch have engaged in a joint venture and are jointly responsible for each other's tortious conduct" in operating the mine site that they allege caused or contributed to the damages sustained by the plaintiffs. *Id*. Blackhawk Mining denies the claimed relationship with Pine Branch Mining.

The most convincing evidence in rebuttal would have been for the plaintiffs to offer proof in support of their allegation that the defendants indeed operate a joint venture.

Companies form a joint venture when the following elements are demonstrated: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group, (3) a community of pecuniary interest in that purpose among the members, and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *Roethke v. Sanger*, 68 S.W.3d 352, 364 (Ky. 2001).

However, the record reveals that the connection between the defendants is that one is merely a downstream wholly owned subsidiary of the other. Indeed, Pine Branch Mining is a wholly owned subsidiary of Blackhawk Sub, LLC, which is itself a wholly owned subsidiary of Blackhawk DRE, LLC. This entity is a direct subsidiary of Blackhawk Mining. Each upstream entity is the sole member in control of the subsidiary immediately below it. Therefore, Blackhawk Mining's closest apparent connection to Pine Branch Mining is separated by multiple levels of corporate structuring in the form of subsidiary limited liability entities.

Corporate law in the Commonwealth of Kentucky draws a line of liability between parent entities and their subsidiaries. Applicable law provides that "separate corporate interests, including subsidiaries and affiliates . . . are separate legal entities and must be recognized and treated as such unless there is some reason to pierce the corporate veil." *Hazard Coal Corp. v. Kentucky W. Virginia Gas Co.*, 311 F.3d 733, 739 (6th Cir. 2002); *Boggs v. Blue Diamond Coal Co.*, 590 F.2d 655, 661 (6th Cir. 1979) ("Owners may elect to divide their business into parent and subsidiary corporations entitled to respect as separate legal entities in the absence of improper purposes."). Here, the plaintiffs neither offered evidence to substantiate their claim that the two mines operate a joint venture nor to show that an improper purpose exists for their legal separation.

In fact, "[b]usiness constructs like limited liability corporations (LLCs) exist to limit liability—it's in the name, after all—by creating separate legal entities to contain liability within an organization," which is "an important part of commerce in this country." *Cty. of Pikeville v. Cebridge Acquisition, LLC*, 2023 WL 5251814, at *23 (E. D. Ky. Aug. 15, 2023); *see also* KRS 275.150 (members of LLCs are generally immune from liability for the torts of the LLC). Another judge in this district has noted that, "if the mere existence of a parent company was sufficient to make that parent liable for the torts of the subsidiary, it would gut corporate law as we know it and render most corporate structures irrelevant." *Cty. of Pikeville*, 2023 WL 5251814, at *23.

Therefore, applying basic principles of corporate law, Blackhawk Mining is not an appropriate defendant in this matter. Here, only its downstream subsidiary holds the relevant active surface mining permits in the River Caney Watershed. [Record No. 143] Further, Pine Branch Mining emphasizes that it does not contract with any company, including its parent entity, "to act as an operator for its permits." *Id*. Underscoring this point, the defendants argue that "Blackhawk has never held a permit for this mine site and there is no evidence that it ever contracted with Pine Branch to do anything with respect to this mine site." *Id*. Therefore, absent any assertion otherwise by the plaintiffs, the Court accepts the facts presented by Blackhawk Mining as true and undisputed. The two are legally separate entities, and Blackhawk Mining cannot be exposed to liability in this matter.

### III.

Summary judgment is appropriate on all claims against Blackhawk Mining, LLC, because no genuine issue of material fact exists regarding whether the entity engaged in conduct that could result in direct liability to the plaintiffs. An upstream parent company of

an allegedly negligent subsidiary cannot serve as a basis for liability as a matter of law under the presented circumstances.  Therefore, being sufficiently advised, it is hereby

**ORDERED** that the Blackhawk Mining, LLC's motion for summary judgment [Record No. 143] is **GRANTED**.

Dated: April 24, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky